Michael A. Burke, Esq. (NSB #11527)
SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
Telephone: (775) 299-4051
Email: mburke@sbwlawgroup.com

Michael DeVincenzo, Esq. (*pro hac vice*)
KING & WOOD MALLESONS LLP
500 Fifth Ave., 50th Floor
New York, New York 10110
Telephone: (212) 319-4755
Email: michael.devincenzo@us.kwm.com

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Civil Action No.: 3:25-cv-00476-MMD-CLB<br><br>**MOTION TO FURTHER EXTEND TIME TO SERVE THE COMPLAINT UNDER FED. R. CIV. P. 4(m)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Applications in Internet Time, LLC ("AIT") respectfully moves, pursuant to Federal Rule of Civil Procedure 4(m), for an order further extending the deadline to serve the summons and complaint on Defendant Salesforce, Inc. ("Salesforce"). On November 24, 2025, the Court granted AIT's previous motion to extend time for service to January 26, 2026 in view of the co-pending, expedited appeal to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). ECF No. 16. On December 17, 2025, the Federal Circuit set oral argument in that appeal for February 9, 2026. Accordingly, AIT respectfully requests that the Court extend the service deadline by an additional 60 days, to March 27, 2026, or, in the alternative, to 14 days after entry of the Federal Circuit's decision in AIT's pending appeal. Salesforce will suffer no prejudice from this short, targeted extension, and good cause exists for the requested relief.

**I. Background**

AIT filed this action on August 29, 2025, solely to preserve any remaining damages under 35 U.S.C. § 286 in light of the dismissal without prejudice of AIT's earlier action against Salesforce (C.A. No. 3:13-CV-00628-MMD-CLB, "First Case") and AIT's subsequent appeal to the Federal Circuit. *See* ECF No. 2 at ¶¶ 2–3. As paragraph 3 of the Complaint explains, this case is intended to protect AIT's ability to seek damages during the pendency of the Federal Circuit appeal and to avoid forfeiture of recovery due to the statute of limitations.

In the pending appeal arising from the First Case (Fed. Cir. Case No. 2025-2026), the Federal Circuit granted AIT's request to expedite the hearing such that the hearing will be "scheduled for the next available argument session after briefing is complete" (ECF No. 15, Ex. 1), and briefing was completed on November 17, 2025.

On November 21, 2025, in view of the Federal Circuit's order expediting the appeal, AIT filed a motion to extend time to serve the complaint. ECF No. 15. On November 24, 2025, the Court granted the motion, extending time to serve to January 26, 2026. ECF No. 16.

Subsequently, on December 17, 2025, pursuant to the expedited appeal schedule, the Federal Circuit set oral argument for February 9, 2026. Ex. 1 (Notice of Oral Argument).

AIT expects that the Federal Circuit will issue a decision on the appeal in an expeditious manner. AIT's previous appeal of the Court's decision on summary judgment and attorneys' fees was similarly expedited. No. 2024-1133, ECF No. 25. The Federal Circuit heard argument on September 6, 2024 and issued a decision about five weeks later, on October 10, 2024. No. 2024-1133, ECF Nos. 42, 47. If the Federal Circuit follows a similar expedited schedule in the present appeal, a decision should issue by mid-March 2026, about two weeks prior to the March 27, 2026 service deadline AIT requests by the present motion.

**II. Legal Standard**

Rule 4(m) provides that if a plaintiff shows good cause for failing to serve within 90 days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even absent good cause, courts retain broad discretion to extend the period for service. *See, e.g., Lemoge v. U.S.*, 537 F.3d 1188, 1198 (9th Cir. 2009) ("Rule 4(m) provides two avenues for relief. The first is

mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." (internal citation omitted)); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (Rule 4(m) "permits the district court to grant an extension even in the absence of good cause"). The Ninth Circuit routinely authorizes discretionary Rule 4(m) extensions where the delay is short, non-prejudicial, and grounded in good-faith case-management considerations. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090–91 (9th Cir. 2003); *Efaw*, 473 F.3d at 1041–42; *Lemoge*, 587 F.3d at 1198–99; *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). A short, targeted extension in these circumstances aligns with Rule 4(m)'s text and purpose.

## III. Argument

The Court granted AIT's previous motion for extension of time, and, in view of the Federal Circuit's subsequent setting of an imminently approaching February 9, 2026 oral argument date, good cause for AIT's requested relief remains just as strong, if not stronger. AIT filed this action for the limited and expressly stated purpose of preserving its right to damages under § 286 while the First Action proceeds on appeal. The Federal Circuit appeal is now fully briefed, oral argument will be held on February 9, 2026, and a decision is expected to issue shortly thereafter. Serving the complaint by the currently scheduled due date of January 26, 2026 would trigger immediate obligations and potentially duplicative motion practice and case-management activity that would be mooted if AIT prevails on appeal. AIT's approach reflects diligence and a good-faith effort to minimize burden while protecting its rights, which constitutes good cause under Rule 4(m).

The requested extension will conserve judicial resources and avoid duplicative proceedings. If the appeal succeeds, AIT anticipates this new case will either be voluntarily dismissed or consolidated with the reopened first action, as paragraph 3 of the Complaint expressly states. Deferring service for a short period will avoid unnecessary and duplicative scheduling, motion practice, and discovery planning in the interim.

Salesforce will suffer no prejudice from a brief extension. Salesforce has actual notice of AIT's claims from more than a decade of prior litigation, and it is specifically identified and locatable through its registered agent in Nevada.

Moreover, AIT has attempted to reduce the burden on the Court and the parties but Salesforce has not cooperated with such efforts. Specifically, prior to filing the present action AIT reached out to Salesforce's counsel in the First Action, proposing a tolling of damages in lieu of the need for AIT to file a new action for the sole purpose of preserving damages. Salesforce did not agree to AIT's proposal. AIT had no choice but file the present action or forfeit the right to past damages under the statute of limitations.

The requested 60-day extension, or in the alternative an event-driven extension tied to the forthcoming appellate decision, poses no cognizable prejudice to Salesforce. In contrast, denying an extension would risk needless duplication and inefficiency, and potentially impact the damages remaining available to AIT.

Accordingly, AIT respectfully requests extending the service deadline by an additional 60 days to March 27, 2026. If the Federal Circuit issues a decision on appeal before that date, AIT will immediately inform the Court and take action in this case consistent with that decision.[1] In the alternative, AIT proposes an event-driven extension until 14 days following issuance of the Federal Circuit's decision in the pending appeal. Either approach is narrowly tailored to the imminent resolution of the appeal and ensures prompt service thereafter.

## IV. Conclusion

For the foregoing reasons, AIT respectfully requests that the Court grant a further short extension of the Rule 4(m) service deadline and enter an order extending AIT's time to serve the summons and complaint on Salesforce to March 27, 2026, or, alternatively, to 14 days after entry of the Federal Circuit's decision in AIT's pending appeal.

/ / /

[1] If the Federal Circuit's decision is delayed past mid-March 2026, AIT will likely request a further brief extension of the time to serve the complaint.

DATED this 21st day of November, 2025.

*/s/ Michael DeVincenzo*

SBW LAW GROUP
Michael A. Burke, Esq.
3600 Mayberry Dr.
Reno, NV 89509

KING & WOOD MALLESONS LLP
Michael DeVincenzo, Esq. (*pro hac vice*)
500 Fifth Ave., 50th Floor
New York, New York 10110

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*