Michael A. Burke, Esq. (NSB #11527)
SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
Telephone: (775) 299-4051
Email: mburke@sbwlawgroup.com

Michael DeVincenzo, Esq. (*pro hac vice*)
KING & WOOD MALLESONS LLP
500 Fifth Ave., 51st Floor
New York, New York 10110
Telephone: (212) 319-4755
Email: michael.devincenzo@us.kwm.com

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Civil Action No.: 3:25-cv-00476-MMD-CLB<br><br>**MOTION TO FURTHER EXTEND TIME TO SERVE THE COMPLAINT UNDER FED. R. CIV. P. 4(m)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Applications in Internet Time, LLC ("AIT") respectfully moves, pursuant to Federal Rule of Civil Procedure 4(m), for an order further extending the deadline to serve the summons and complaint on Defendant Salesforce, Inc. ("Salesforce"). On November 24, 2025 and January 9, 2026, the Court granted AIT's previous motions to extend time for service first to January 26, 2026, and later to March 27, 2026, in view of the co-pending, expedited appeal to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). ECF Nos. 16, 20. On February 9, 2026, the Federal Circuit held oral argument in that appeal, and on March 16, 2026 it issued a non-precedential panel decision affirming this Court's ruling. Ex. 1. AIT intends to file a petition for panel rehearing and/or rehearing *en banc* pursuant to Fed. R. App. P. 40 and Fed. Cir. R. 40. Accordingly, AIT respectfully requests that the Court extend the service deadline by an additional 60 days, to May 26, 2026, or, in the alternative, to 14 days after entry of the Federal Circuit's decision on AIT's request

for rehearing. Salesforce will suffer no prejudice from this short, targeted extension, and good cause exists for the requested relief.

**I. Background**

AIT filed this action on August 29, 2025, solely to preserve any remaining damages under 35 U.S.C. § 286 in light of the dismissal without prejudice of AIT's earlier action against Salesforce (C.A. No. 3:13-CV-00628-MMD-CLB, "First Case") and AIT's subsequent appeal to the Federal Circuit. *See* ECF No. 2 at ¶¶ 2–3. As paragraph 3 of the Complaint explains, this case is intended to protect AIT's ability to seek damages during the pendency of the Federal Circuit appeal and to avoid forfeiture of recovery due to the statute of limitations.

In the pending appeal arising from the First Case (Fed. Cir. Case No. 2025-2026), the Federal Circuit granted AIT's request to expedite the hearing such that the hearing will be "scheduled for the next available argument session after briefing is complete" (ECF No. 15, Ex. 1), and briefing was completed on November 17, 2025.

On November 21, 2025, in view of the Federal Circuit's order expediting the appeal, AIT filed a motion to extend time to serve the complaint. ECF No. 15. On November 24, 2025, the Court granted the motion, extending time to serve to January 26, 2026. ECF No. 16.

Subsequently, on December 17, 2025, pursuant to the expedited appeal schedule, the Federal Circuit set oral argument for February 9, 2026. On January 9, 2026, in view of the scheduled hearing, AIT filed a second motion to extend time to serve the complaint. ECF No. 19. On the same day, the Court granted the motion, extending time to serve to March 27, 2026. ECF No. 20.

The Federal Circuit issued a decision on March 16, 2026. Ex. 1. In its non-precedential order, the Federal Circuit affirmed this Court's decision to dismiss the First Case for lack of constitutional standing. *Id.* at 2.

AIT believes the panel's decision is incorrect and intends to file a petition for panel rehearing and/or rehearing *en banc* pursuant to Fed. R. App. P. 40 and Fed. Cir. R. 40.

**II. Legal Standard**

Rule 4(m) provides that if a plaintiff shows good cause for failing to serve within 90 days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even absent

good cause, courts retain broad discretion to extend the period for service. *See, e.g., Lemoge v. U.S.*, 537 F.3d 1188, 1198 (9th Cir. 2009) ("Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." (internal citation omitted)); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (Rule 4(m) "permits the district court to grant an extension even in the absence of good cause"). The Ninth Circuit routinely authorizes discretionary Rule 4(m) extensions where the delay is short, non-prejudicial, and grounded in good-faith case-management considerations. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090–91 (9th Cir. 2003); *Efaw*, 473 F.3d at 1041–42; *Lemoge*, 587 F.3d at 1198–99; *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). A short, targeted extension in these circumstances aligns with Rule 4(m)'s text and purpose.

## III. Argument

The Court has twice granted AIT's previous motions for extension of time to serve the complaint in this action, most recently extending the deadline to March 27, 2026. Good cause continues to exist for a further extension. AIT filed this action for the limited and expressly stated purpose of preserving its right to damages under § 286 while the First Action proceeds on appeal, which is now in its final stages. Under Federal Circuit Rule 40(f)(1), AIT has 30 days from entry of the decision (that is, until April 15, 2026) to file a petition for rehearing. Serving the complaint by the currently scheduled due date of March 27, 2026 would trigger immediate obligations and potentially duplicative motion practice and case-management activity that would be mooted if AIT prevails on appeal. AIT's approach reflects diligence and a good-faith effort to minimize burden while protecting its rights, which constitutes good cause under Rule 4(m).

The requested extension will conserve judicial resources and avoid duplicative proceedings. If the appeal succeeds, AIT anticipates this new case will either be voluntarily dismissed or consolidated with the reopened first action, as paragraph 3 of the Complaint expressly states. Deferring service for a short period will avoid unnecessary and duplicative scheduling, motion practice, and discovery planning in the interim.

Salesforce will suffer no prejudice from a brief extension. Salesforce has actual notice of AIT's claims from more than a decade of prior litigation, and it is specifically identified and locatable through its registered agent in Nevada.

Moreover, AIT has attempted to reduce the burden on the Court and the parties but Salesforce has not cooperated with such efforts. Specifically, prior to filing the present action AIT reached out to Salesforce's counsel in the First Action, proposing a tolling of damages in lieu of the need for AIT to file a new action for the sole purpose of preserving damages. Salesforce did not agree to AIT's proposal. AIT had no choice but file the present action or forfeit the right to past damages under the statute of limitations.

The requested 60-day extension, or in the alternative an event-driven extension tied to the forthcoming appellate decision, poses no cognizable prejudice to Salesforce. In contrast, denying an extension would risk needless duplication and inefficiency, and potentially impact the damages remaining available to AIT.

Accordingly, AIT respectfully requests extending the service deadline by an additional 60 days to May 26, 2026. If the Federal Circuit issues a decision on rehearing before that date, AIT will immediately inform the Court and take action in this case consistent with that decision.[1] In the alternative, AIT proposes an event-driven extension until 14 days following issuance of the Federal Circuit's decision on rehearing. Either approach is narrowly tailored to the imminent resolution of the appeal and ensures prompt service thereafter.

## IV. Conclusion

For the foregoing reasons, AIT respectfully requests that the Court grant a further short extension of the Rule 4(m) service deadline and enter an order extending AIT's time to serve the summons and complaint on Salesforce to May 26, 2026, or, alternatively, to 14 days after entry of the Federal Circuit's decision on AIT's rehearing request.

/ / /

[1] If the Federal Circuit's decision on rehearing is delayed past mid-May 2026, AIT will likely request a further brief extension of the time to serve the complaint.

DATED this 20th day of March, 2026.

*/s/ Michael DeVincenzo*

SBW LAW GROUP
Michael A. Burke, Esq.
3600 Mayberry Dr.
Reno, NV 89509

KING & WOOD MALLESONS LLP
Michael DeVincenzo, Esq. (*pro hac vice*)
500 Fifth Ave., 51st Floor
New York, New York 10110

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*