Michael A. Burke, Esq. (NSB #11527)
SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
Telephone: (775) 299-4051
Email: mburke@sbwlawgroup.com

Michael DeVincenzo, Esq. (*pro hac vice*)
KING & WOOD LLP
600 Fifth Ave., 27th Floor
New York, New York 10020
Telephone: (212) 319-4755
Email: michael.devincenzo@us.kingandwood.com

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Civil Action No.: 3:25-cv-00476-MMD-CLB<br><br>**MOTION TO FURTHER EXTEND TIME TO SERVE THE COMPLAINT UNDER FED. R. CIV. P. 4(m)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Applications in Internet Time, LLC ("AIT") respectfully moves, pursuant to Federal Rule of Civil Procedure 4(m), for an order further extending the deadline to serve the summons and complaint on Defendant Salesforce, Inc. ("Salesforce"). On November 24, 2025, January 9, 2026, and March 20, 2026, the Court granted AIT's previous motions to extend time for service, currently set for May 26, 2026, in view of the co-pending, expedited appeal to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). ECF Nos. 16, 20, 22. Following a non-precedential panel decision affirming this Court's ruling, on April 15, 2026 AIT filed a petition for panel rehearing and/or rehearing *en banc* pursuant to Fed. R. App. P. 40 and Fed. Cir. R. 40. Accordingly, AIT respectfully requests that the Court extend the service deadline by an additional 60 days, to July 27,

2026,[1] or, in the alternative, to 14 days after entry of the Federal Circuit's decision on AIT's request for rehearing. Salesforce will suffer no prejudice from this short, targeted extension, and good cause exists for the requested relief.

## I. Background

AIT filed this action on August 29, 2025, solely to preserve any remaining damages under 35 U.S.C. § 286 in light of the dismissal without prejudice of AIT's earlier action against Salesforce (C.A. No. 3:13-CV-00628-MMD-CLB, "First Case") and AIT's subsequent appeal to the Federal Circuit. *See* ECF No. 2 at ¶¶ 2–3. As paragraph 3 of the Complaint explains, this case is intended to protect AIT's ability to seek damages during the pendency of the Federal Circuit appeal and to avoid forfeiture of recovery due to the statute of limitations.

In the pending appeal arising from the First Case (Fed. Cir. Case No. 2025-2026), the Federal Circuit granted AIT's request to expedite the hearing such that the hearing will be "scheduled for the next available argument session after briefing is complete" (ECF No. 15, Ex. 1), and briefing was completed on November 17, 2025.

On November 21, 2025, in view of the Federal Circuit's order expediting the appeal, AIT filed a first motion to extend time to serve the complaint. ECF No. 15. On November 24, 2025, the Court granted the motion, extending time to serve to January 26, 2026. ECF No. 16.

Subsequently, on December 17, 2025, pursuant to the expedited appeal schedule, the Federal Circuit set oral argument for February 9, 2026. On January 9, 2026, in view of the scheduled hearing, AIT filed a second motion to extend time to serve the complaint. ECF No. 19. On the same day, the Court granted the motion, extending time to serve to March 27, 2026. ECF No. 20.

The Federal Circuit issued a decision on March 16, 2026. *See* ECF 21, Ex. 1. In its non-precedential order, the Federal Circuit affirmed this Court's decision to dismiss the First Case for lack of constitutional standing. *Id.* at 2. On March 20, 2026, AIT filed a third motion to extend time to serve the complaint. ECF No. 21. On the same day, the Court granted the motion, extending time to serve to May 26, 2026. ECF No. 22.

---

[1] The 60-day period ends on Saturday, July 25, 2026. Monday, July 27, 2026 is the next working day. *See* Fed. R. Civ. P. 6(a)(1)(C) (extending period to next working day if deadline falls on Saturday, Sunday, or legal holiday).

On April 15, 2026, AIT filed a petition for panel rehearing and/or rehearing *en banc* pursuant to Fed. R. App. P. 40 and Fed. Cir. R. 40. In its petition, AIT argues that (i) the panel ignored controlling precedent from the Supreme Court and the Federal Circuit, and that (ii) the panel's decision is inconsistent with binding precedent that can be only overruled by the *en banc* court. The petition is still under review by the Federal Circuit.

## II. Legal Standard

Rule 4(m) provides that if a plaintiff shows good cause for failing to serve within 90 days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even absent good cause, courts retain broad discretion to extend the period for service. *See, e.g., Lemoge v. U.S.*, 537 F.3d 1188, 1198 (9th Cir. 2009) ("Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." (internal citation omitted)); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (Rule 4(m) "permits the district court to grant an extension even in the absence of good cause"). The Ninth Circuit routinely authorizes discretionary Rule 4(m) extensions where the delay is short, non-prejudicial, and grounded in good-faith case-management considerations. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090–91 (9th Cir. 2003); *Efaw*, 473 F.3d at 1041–42; *Lemoge*, 587 F.3d at 1198–99; *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). A short, targeted extension in these circumstances aligns with Rule 4(m)'s text and purpose.

## III. Argument

The Court has granted AIT's previous motions for extension of time to serve the complaint in this action, most recently extending the deadline to May 26, 2026. Good cause continues to exist for a further extension. AIT filed this action for the limited and expressly stated purpose of preserving its right to damages under § 286 while the First Action proceeds on appeal, which is now in its final stages. Review of a petition for panel rehearing and/or rehearing *en banc* typically requires five to six weeks, so that a ruling is expected around the end of May or early June 2026. Serving the complaint by the currently scheduled due date of May 26, 2026 would trigger immediate obligations and

potentially duplicative motion practice and case-management activity that would be mooted if AIT prevails on appeal. AIT's approach reflects diligence and a good-faith effort to minimize burden while protecting its rights, which constitutes good cause under Rule 4(m).

The requested extension will conserve judicial resources and avoid duplicative proceedings. If the appeal succeeds, AIT anticipates this new case will either be voluntarily dismissed or consolidated with the reopened first action, as paragraph 3 of the Complaint expressly states. Deferring service for a short period will avoid unnecessary and duplicative scheduling, motion practice, and discovery planning in the interim.

Salesforce will suffer no prejudice from a brief extension. Salesforce has actual notice of AIT's claims from more than a decade of prior litigation, and it is specifically identified and locatable through its registered agent in Nevada.

Moreover, AIT has attempted to reduce the burden on the Court and the parties but Salesforce has not cooperated with such efforts. Specifically, prior to filing the present action AIT reached out to Salesforce's counsel in the First Action, proposing a tolling of damages in lieu of the need for AIT to file a new action for the sole purpose of preserving damages. Salesforce did not agree to AIT's proposal. AIT had no choice but file the present action or forfeit the right to past damages under the statute of limitations.

The requested 60-day extension, or in the alternative an event-driven extension tied to the forthcoming appellate decision, poses no cognizable prejudice to Salesforce. In contrast, denying an extension would risk needless duplication and inefficiency, and potentially impact the damages remaining available to AIT.

Accordingly, AIT respectfully requests extending the service deadline by an additional 60 days to July 27, 2026. If the Federal Circuit issues a decision on rehearing before that date, AIT will immediately inform the Court and take action in this case consistent with that decision. In the alternative, AIT proposes an event-driven extension until 14 days following issuance of the Federal Circuit's decision on rehearing. Either approach is narrowly tailored to the imminent resolution of the appeal and ensures prompt service thereafter.

**IV. Conclusion**

For the foregoing reasons, AIT respectfully requests that the Court grant a further short extension of the Rule 4(m) service deadline and enter an order extending AIT's time to serve the summons and complaint on Salesforce to July 27, 2026, or, alternatively, to 14 days after entry of the Federal Circuit's decision on AIT's rehearing request.

/ / /

DATED this 11th day of May, 2026.

/s/ *Michael DeVincenzo*

SBW LAW GROUP
Michael A. Burke, Esq.
3600 Mayberry Dr.
Reno, NV 89509

KING & WOOD LLP
Michael DeVincenzo, Esq. (*pro hac vice*)
600 Fifth Ave., 27th Floor
New York, New York 10020

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*