LEIGH GODDARD, NV Bar #6315
PHILIP MANNELLY, NV Bar #14236
McDonald Carano LLP
100 West Liberty Street, Tenth Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
Email: lgoddard@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com

KEVIN JOHNSON (*pro hac vice* forthcoming)
RAY ZADO (*pro hac vice* forthcoming)
SAM STAKE (*pro hac vice* forthcoming)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: kevinjohnson@quinnemanuel.com
rayzado@quinnemanuel.com
samstake@quinnemanuel.com

*Attorneys for Defendant Salesforce, Inc.*

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

APPLICATIONS IN INTERNET TIME, LLC,

Plaintiff,

v.

SALESFORCE, INC.,

Defendant.

NO. 3:25-CV-00476-MMD-CLB

**DEFENDANT SALESFORCE, INC.'S MOTION TO DISMISS THE COMPLAINT**

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 3

A. AIT Sues Salesforce on Patents It Did Not Own ........ 3

B. Salesforce Uncovers the Standing Defect and Moves to Dismiss ........ 3

C. The Court Dismisses the First Action for Lack of Standing ........ 4

D. The Federal Circuit Affirms and Denies Rehearing ........ 5

E. AIT Files This Action and Delays Service for Thirteen Months ........ 5

III. LEGAL STANDARD ........ 6

IV. ARGUMENT ........ 7

A. THE COURT SHOULD DISMISS AIT'S CLAIMS FOR DAMAGES THAT ARE STATUTORILY BARRED ........ 7

1. Without Equitable Tolling, AIT's Claims on the '111 Patent Fail Entirely ........ 8

2. The Court Can Resolve AIT's Tolling Request on the Pleadings ........ 9

3. AIT's Theory Requires Borrowing the Filing Date of a Different, Dismissed Action ........ 9

4. Section 286 Does Not Permit Equitable Tolling ........ 10

5. The Courts Have Already Denied Equitable Relief AIT Now Seeks Through Tolling ........ 12

6. AIT Pleads No Extraordinary Circumstances ........ 13

B. THE COURT SHOULD DISMISS THIS ACTION AS DUPLICATIVE OF THE FIRST ACTION ........ 16

1. This Action Duplicates the Pending First Action ........ 16

2. The Equities Favor Dismissal Over a Stay ........ 18

V. CONCLUSION ........ 24


McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A. Stucki Co. v. Buckeye Steel Castings Co.*,
963 F.2d 360 (Fed. Cir. 1992) ........ 10, 13, 14

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
960 F.2d 1020 (Fed. Cir. 1992) (en banc), *abrogated on other grounds by SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328 (2017) ........ 10, 11

*Abraxis Bioscience, Inc. v. Navinta LLC*,
625 F.3d 1359 (Fed. Cir. 2010) ........ 12

*Adams v. Cal. Dep't of Health Servs.*,
487 F.3d 684 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) ........ 6, 16, 17, 18, 19, 21, 22

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
946 F.2d 622 ........ 22

*Anza Tech., Inc. v. Mushkin, Inc.*,
934 F.3d 1359 (Fed. Cir. 2019) ........ 6, 7, 9

*Applications in Internet Time, LLC v. Salesforce.com, Inc.*,
691 F. Supp. 3d 1223 (D. Nev. 2023) ........ 4

*Applications in Internet Time, LLC v. Salesforce, Inc.*,
2026 WL 731122 (Fed. Cir. Mar. 16, 2026) ........ 4, 5, 12

*Applications in Internet Time, LLC v. Salesforce, Inc.*,
No. 2024-1133, 2024 WL 4456271 (Fed. Cir. Oct. 10, 2024) ........ 4

*Applications in Internet Time, LLC v. Salesforce, Inc.*,
No. 2025-2026, 2025 WL 4669735 (Fed. Cir. Nov. 7, 2025) ........ 23

*Applications in Internet Time, LLC v. Salesforce, Inc.*,
No. 26A234 (U.S. Aug. 18, 2026) ........ 5, 7

*Applications in Internet Time, LLC v. Salesforce, Inc.*,
No. 3:13-cv-00628-MMD-CLB (D. Nev. filed Nov. 8, 2013) ........ 2

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006) ........ 15

*Arellano v. McDonough*,
598 U.S. 1 (2023) ........ 11

*Arendi S.A.R.L. v. LG Elecs. Inc.*,
47 F.4th 1380 (Fed. Cir. 2022) ........ 6, 16, 17, 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 6, 13

*Bralich v. Sullivan*,
No. 17-00547 ACK-RLP, 2018 WL 11260505 (D. Haw. Apr. 10, 2018) ........ 6, 10

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) ........ 8, 9

*Chavez v. Dole Food Co.*,
836 F.3d 205 (3d Cir. 2016) ........ 18, 20, 22

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976) ........ 7

*Colt Int'l Clothing Inc. v. Quasar Sci., LLC*,
304 F. Supp. 3d 891 (C.D. Cal. 2018) ........ 7

*Composite Res. Inc. v. Recon Med. LLC*,
No. 2:17-cv-01755-MMD-VCF, 2021 WL 8531856 (D. Nev. Nov. 8, 2021) ........ 6

*Costantini v. Trans World Airlines*,
681 F.2d 1199 (9th Cir. 1982) ........ 16

*Cross v. Dick's Sporting Goods, Inc.*,
No. 2:21CV198-PPS/JPK, 2022 WL 138038 (N.D. Ind. Jan. 14, 2022) ........ 6

*Elmore v. Henderson*,
227 F.3d 1009 (7th Cir. 2000) ........ 19

*Email Link Corp. v. Treasure Island, LLC*,
No. 2:11-cv-01433-ECR-GWF, 2012 WL 4482576 (D. Nev. Sept. 25, 2012) ........ 7

*Enbridge Energy, LP v. Nessel*,
608 U.S. 67, 146 S. Ct. 1074 (2026) ........ 10, 11

*Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*,
95 F.3d 358 (5th Cir. 1996) ........ 18

*Gyory v. Reebok Int'l, Ltd.*,
121 F. App'x 397 (Fed. Cir. 2005) ........ 8

*Harper v. Amur Equip. Fin., Inc.*,
2025 WL 3080286 (D. Or. Sept. 8, 2025), *adopted*, 2025 WL 3173592 (D. Or. Nov. 13, 2025) ........ 17

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

*Hebern v. United States*,
132 F. Supp. 451 (Ct. Cl. 1955) ........ 15

*Holland v. Florida*,
560 U.S. 631 (2010) ........ 13

*Holt v. County of Orange*,
91 F.4th 1013 (9th Cir. 2024) ........ 19

*Humphreys v. United States*,
272 F.2d 411 (9th Cir. 1959) ........ 12, 19

*Insulet Corp. v. EOFlow Co.*,
176 F.4th 1347 (Fed. Cir. 2026) ........ 7, 9

*Intellectual Tech LLC v. Zebra Techs. Corp.*,
101 F.4th 807 (Fed. Cir. 2024) ........ 12

*Irwin v. Dep't of Veterans Affairs*,
498 U.S. 89 (1990) ........ 12

*Jablon v. Dean Witter & Co.*,
614 F.2d 677 (9th Cir. 1980) ........ 8

*Katz v. Gerardi*,
655 F.3d 1212 (10th Cir. 2011) ........ 7, 21

*Kennedy v. Floridian Hotel, Inc.*,
998 F.3d 1221 (11th Cir. 2021) ........ 17

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952) ........ 18

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ........ 7

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........ 21

*Lans v. Digital Equipment Corp.*,
252 F.3d 1320 (Fed. Cir. 2001) ........ 12, 13, 14

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ........ 21

*Menominee Indian Tribe of Wis. v. United States*,
577 U.S. 250 (2016) ........ 13, 14

*New Hampshire v. Maine*,
532 U.S. 742 (2001) ........ 15

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

*Oliney v. Gardner*,
771 F.2d 856 (5th Cir. 1985) ........ 17, 18, 20

*Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*,
814 F.3d 641 (2d Cir. 2016) ........ 14

*Paradise Creations, Inc. v. UV Sales, Inc.*,
315 F.3d 1304 (Fed. Cir. 2003) ........ 12, 23

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
572 U.S. 663 (2014) ........ 11

*Phillips v. Salt River Police Dep't*,
586 F. App'x 381 (9th Cir. 2014) ........ 6

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) ........ 7

*Rolls-Royce PLC v. United Techs. Corp.*,
No. 1:10cv457, 2011 WL 1740143 (E.D. Va. May 4, 2011) ........ 10

*Rygg v. Hulbert*,
No. C14-237 MJP, 2014 WL 5023627 (W.D. Wash. Oct. 8, 2014) ........ 17

*Senju Pharm. Co. v. Apotex Inc.*,
746 F.3d 1344 (Fed. Cir. 2014) ........ 16

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
495 F. Supp. 2d 1052 (S.D. Cal. 2007) ........ 19

*Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co.*,
754 F.2d 345 (Fed. Cir. 1985) ........ 10

*Supermail Cargo, Inc. v. United States*,
68 F.3d 1204 (9th Cir. 1995) ........ 8

*United States v. Beggerly*,
524 U.S. 38 (1998) ........ 11

*United States v. Brockamp*,
519 U.S. 347 (1997) ........ 11

*United States v. Pan-Am. Petroleum Co.*,
55 F.2d 753 (9th Cir. 1932) ........ 18

*Univ. of Pittsburgh v. Varian Med. Sys., Inc.*,
569 F.3d 1328 (Fed. Cir. 2009) ........ 22

*Valtrus Innovations, Ltd. v. Google LLC*,
2026 WL 734528 (N.D. Cal. Mar. 16, 2026) ........ 13, 14, 15, 19, 20

*Valtrus Innovations, Ltd., v. Google LLC*,
839 F. Supp. 3d 861 (N.D. Cal. 2026) ("*Valtrus II*"), *appeal docketed*, No. 26-2160 (Fed. Cir. Aug. 18, 2026) .......... 13

*Walton v. Eaton Corp.*,
563 F.2d 66 (3d Cir. 1977) .......... 16

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) .......... 6

*Yong v. INS*,
208 F.3d 1116 (9th Cir. 2000) .......... 21

**Statutes**

35 U.S.C. §§ 27, 41(c)(1) .......... 11

35 U.S.C. § 154(a)(2) .......... 3

35 U.S.C. § 271(a) .......... 8

35 U.S.C. § 286 .......... 1, 5, 6, 7, 8, 9, 10, 11, 13

**Other Authorities**

34 Am. Jur. *Limitation of Actions* § 281 .......... 19, 22

Fed. R. Civ. P. 12(b)(6) .......... 6

Fed. R. Civ. P. 12(f) .......... 6

Fed. R. Civ. P. 12(h)(3) .......... 15

Fed. R. Civ. P. 15(c) .......... 9

Fed. R. Civ. P. 15(c)(1) .......... 9

Fed. R. Civ. P. 17(a)(3) .......... 4, 5, 12, 14, 23

Fed. R. Evid. 201(b)(2) .......... 7

LR 5-3 I .......... 25

Restatement (Second) of Judgments § 26(1) (1982) .......... 18

Sup. Ct. R. 15.3 .......... 21

Sup. Ct. R. 15.5 .......... 21

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

Pursuant to 35 U.S.C. § 286, Fed. R. Civ. P. 12(b)(6), and LR 7-2, Defendant Salesforce, Inc. ("Salesforce") respectfully moves for an order dismissing with prejudice the claims of Plaintiff Applications in Internet Time, LLC ("AIT") for damages for any alleged infringement committed before August 29, 2019, six years before AIT filed its Complaint in this action, including all claims on U.S. Patent No. 8,484,111. Pursuant to the Court's inherent authority to manage its docket, Salesforce further respectfully moves for an order dismissing any remaining claims without prejudice as duplicative of *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 3:13-cv-00628-MMD-CLB (D. Nev.) (the "First Action").

This Motion is based upon the following Memorandum of Points and Authorities, the Declaration of Leigh Goddard, the attached exhibits, the papers and pleadings on file in this action and the First Action, of which the Court may take judicial notice, and any further evidence and argument the Court may consider.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## I. INTRODUCTION

AIT seeks to escape the consequences of suing on patents it did not own. For nearly twelve years, AIT litigated patent claims it had no standing to bring. This Court dismissed those claims, and the Federal Circuit affirmed. AIT is still fighting to revive that case. Yet it has also filed this identical one, as an attempt to evade the First Action's dismissal.

*First*, the Court should dismiss with prejudice AIT's claims for damages or recovery prior to August 29, 2019. Specifically, under 35 U.S.C. § 286, AIT is statutorily barred from recovery for any alleged infringement that occurred more than six years prior to the filing of the Complaint in this action. The two asserted patents in this action both have expired, with the first of these (U.S. Patent No. 8,484,111 ("'111 Patent")) expiring more than six years prior to the filing of the Complaint in this action. As a consequence, AIT's claims on the '111 Patent should be dismissed in their entirety, as should its claims on U.S. Patent No. 7,356,482 (the "'482 Patent") for any period before August 29, 2019.

Recognizing the statutory impediment to its damages claim, AIT seeks in its Complaint equitable relief that would allow it to pursue damages going back as far as six years prior to the filing of the initial Complaint in the First Action (to 2013). However, Section 286 is a fixed limit on recovery

that Congress wrote without equitable exceptions; accordingly, AIT cannot seek equitable relief to circumvent what Congress has precluded. Even considering AIT's request for equitable relief on the merits, it is nothing more than the same request it has already lost, just repackaged in a different form. Both this Court and the Federal Circuit have held that AIT cannot claim the benefit of a complaint it had no standing to file. And AIT cannot invoke equity to escape a standing defect of its own creation and that it spent years contesting rather than curing.

*Second*, the Court should dismiss whatever remains of AIT's claims without prejudice as duplicative of the First Action. AIT admits that (1) this action seeks to enforce the same patent rights against the same Salesforce products as are currently at issue in the First Action, and (2) it filed this action "for the sole purpose" of preserving damages while it seeks review. If review succeeds, AIT will abandon this case and return to the First Action. If review fails, AIT will attempt to use this case to recover the damages that it could not obtain from the First Action, including (as referenced above) a request for damages back to 2013. AIT would thereby avoid the consequences of a lawsuit it never had the right to bring, with both the Court and Salesforce bearing the cost. The Federal Circuit has rejected exactly this type of litigation tactic.

And while it waits, AIT has parked this case on the Court's docket. For more than a year, the case has gone nowhere. AIT left its Complaint unserved for thirteen months, returned to the Court five times for service extensions, and never sought the stay it promised.

The rule against duplicative litigation gives a plaintiff one action on a claim at a time. It does not let a plaintiff appeal the loss of its first case while holding an identical second case in reserve, at the expense of the Court and the defendant. AIT made that choice deliberately, and the equities do not reward it. Dismissal without prejudice simply restores the ordinary rule: if the First Action ends without reinstatement, AIT may seek to sue again, like any other plaintiff, with damages calculated properly from the date of that filing.

AIT has had more than a decade, an appeal to the Federal Circuit, and every opportunity to establish its standing. It is not entitled to a second lawsuit held in reserve on this Court's docket, or to a filing date it never earned, or to seek damages on a long-expired patent. The Court should dismiss this action.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## II. BACKGROUND

### A. AIT Sues Salesforce on Patents It Did Not Own

On November 8, 2013, Plaintiff Applications in Internet Time, LLC ("AIT") sued Salesforce for patent infringement in this District (the "First Action"). *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 3:13-cv-00628-MMD-CLB (D. Nev. filed Nov. 8, 2013), ECF No. 1. AIT asserted the same patents it asserts here, the '482 Patent and the '111 Patent (together, the "Asserted Patents") against several Salesforce products, including the Force.com platform. *Compare* First Action ECF No. 1 ¶¶ 19–26, *with* ECF No. 2 ¶¶ 21–30. The Asserted Patents have since expired, with the '111 Patent expiring on January 15, 2019, and the '482 Patent expiring on November 16, 2021. ECF No. 2 Exs. A, B.[1]

AIT's claim of ownership rested on a September 13, 2012 assignment from prior owners of the Asserted Patents, Alternative Systems, Inc. ("ASI") (the "2012 Assignment"). First Action ECF No. 471 at 2. ASI's co-founders, Beverly Nelson and Douglas Sturgeon, are also AIT's only members. *Id.* Mr. Sturgeon alone executed the 2012 Assignment on ASI's behalf. *Id.* at 2, 8. By 2012, however, ASI no longer owned the Asserted Patents. In a November 9, 2006 Agreement for Sale (the "2006 Agreement"), Ms. Nelson acquired full ownership of the Asserted Patents. The 2006 Agreement transferred all "ASI Assets," as that term was defined in a 2002 Letter Agreement (the "2002 Agreement"), and the 2002 Agreement defined "ASI Assets" to include the Asserted Patents. First Action ECF No. 471 at 5–6, 8.

### B. Salesforce Uncovers the Standing Defect and Moves to Dismiss

On March 18, 2014, Salesforce served discovery requests asking AIT to identify the Asserted Patents' complete ownership and assignment history. First Action ECF No. 479 at 7–8. The 2002 and 2006 Agreements were plainly responsive to these requests and in AIT's possession. Yet, AIT did not produce them. It was not until July 2021, when a named inventor responded to a Salesforce

[1] The '482 Patent is a continuation of and claims priority to an application filed December 18, 1998. Ex. 2 (Certificate of Correction); Ex. 3 (Petition to Accept Unintentionally Delayed Priority Claim). Its twenty-year term is measured from that date, not its March 1, 2001 filing date. 35 U.S.C. § 154(a)(2). Accounting for the '482 Patent's 1,064 days of patent term adjustment, it expired November 16, 2021. ECF No. 2, Ex. A ('482 Patent) at 1.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

subpoena by producing her employment agreement, that Salesforce was first alerted to defects in AIT's claimed chain of title. First Action ECF No. 479 at 7–8. On April 7, 2022, more than eight years after Salesforce requested them, AIT produced the 2002 and 2006 Agreements. First Action ECF No. 479 at 7–8. Subsequently, when questioned about the ownership chain for the Asserted Patents, Mr. Sturgeon, AIT's managing member, testified that under the 2006 Agreement "[e]verything" went to Ms. Nelson. First Action ECF No. 471 at 2, 6–7; First Action ECF No. 476-1 ¶¶ 15–16.

On October 1, 2022, the day after the parties cross-moved for summary judgment (First Action ECF Nos. 270, 278), Salesforce moved to dismiss for lack of standing. First Action ECF No. 281. While originally scheduled for the same hearing (First Action ECF No. 386), the Court *sua sponte* removed the motion to dismiss from the summary judgment hearing (First Action ECF No. 387), granted summary judgment for Salesforce, and denied the motion to dismiss as moot. First Action ECF No. 408 at 47; *Applications in Internet Time, LLC v. Salesforce.com, Inc.*, 691 F. Supp. 3d 1223, 1227, 1253 (D. Nev. 2023) (denying First Action ECF No. 281 as moot). Because the Court had not reached the merits of the motion, Salesforce did not raise standing in AIT's ensuing appeal. On October 10, 2024, the Federal Circuit vacated the summary judgment and remanded. *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 2024-1133, 2024 WL 4456271, at *1, *6–7 (Fed. Cir. Oct. 10, 2024).

### C. The Court Dismisses the First Action for Lack of Standing

On remand, Salesforce renewed its motion to dismiss. First Action ECF No. 471 at 1. AIT opposed only on the merits. It did not seek ratification, reformation, or any other cure. First Action ECF No. 311. On March 28, 2025, the Court granted the motion and dismissed the First Action without prejudice. First Action ECF No. 471 at 9. The Court held that the 2006 Agreement transferred the Asserted Patents to Ms. Nelson, making ASI's 2012 Assignment to AIT "null and void." *Id.* at 4–6, 8. It discounted a declaration from Mr. Sturgeon that "clearly contradicts" his deposition testimony. *Id.* at 7. Because AIT held no rights in the Asserted Patents when it filed the First Action, the Court found that AIT lacked constitutional standing and dismissed the case without prejudice. *Id.* at 1, 8–9.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

AIT then moved for reconsideration. First Action ECF No. 476. For the first time, AIT submitted a declaration from Ms. Nelson and an April 25, 2025 quitclaim assignment from Ms. Nelson to AIT. First Action ECF Nos. 476-1, 476-5. AIT asked the Court to apply Rule 17(a)(3) ratification or to reform the 2006 Agreement. First Action ECF No. 481 at 2. On July 21, 2025, the Court denied the motion. *Id.* The Court held that AIT's arguments "could have been raised in connection with Plaintiff's opposition to the motion to dismiss," and that ratification and reformation "cannot cure the absence of constitutional standing at the inception of the lawsuit." *Id.* at 3–4.

**D. The Federal Circuit Affirms and Denies Rehearing**

AIT appealed. First Action ECF No. 485. On March 16, 2026, the Federal Circuit affirmed this Court's dismissal. *Applications in Internet Time, LLC v. Salesforce, Inc.*, 2026 WL 731122, at *1 (Fed. Cir. Mar. 16, 2026) (nonprecedential) ("*AIT Appeal*"). The court held that AIT "had no exclusionary patent rights at the inception of the lawsuit and lacked constitutional standing to sue under them." *Id.* at *3. It also affirmed the denial of equitable relief, finding no authority "that a party can cure a lack of constitutional standing pursuant to Rule 17(a)(3) ratification or contract reformation." *Id.* at *5.

On June 12, 2026, the Federal Circuit denied AIT's petition for panel rehearing and rehearing en banc. ECF No. 27 at 3. AIT informed this Court that it intended to petition the Supreme Court for certiorari, and received an extension to do so to November 9, 2026. *See* Application to Extend the Time to File Petition for a Writ of Certiorari, *Applications in Internet Time, LLC v. Salesforce, Inc.,* No. 26A234 (U.S. Aug. 18, 2026).

**E. AIT Files This Action and Delays Service for Thirteen Months**

On August 29, 2025, fifteen days after noticing its appeal, AIT filed this action. ECF No. 2. AIT describes it as "the second action that AIT brings against Salesforce for infringement of the same patent rights." *Id.* at ¶ 2. AIT states it brought this action "for the sole purpose of preserving AIT's right to past damages in view of the applicable statute of limitations during pendency of the appeal." *Id.* ¶ 3. If the appeal succeeds, AIT has said it "will either voluntarily dismiss this action or move the Court to consolidate it with the First Action." *Id.* AIT also stated that it would

"endeavor to ... stay this action during the pendency of the appeal." *Id.* As of the day this motion to dismiss was filed, it has not moved for a stay in this action.

The complaint seeks damages before the § 286 period "by equitable tolling." ECF No. 2, Prayer ¶ B. AIT claims that it "could not file the present case earlier" because of "the Court delaying a ruling" on the standing motion and "Salesforce's decision not to raise lack of subject matter jurisdiction" in the earlier appeal. *Id.* ¶¶ 25, 30. Before filing, AIT had asked Salesforce to agree to toll damages. ECF No. 27 at 4. Salesforce declined. *Id.*

AIT then moved five times to extend its Rule 4(m) service deadline. Each motion cited the next development in the First Action: the expedited appeal, the scheduled argument, the planned rehearing petition, the pending rehearing petition, and the planned certiorari petition. ECF Nos. 15, 19, 21, 24, 26. The Court granted each motion. ECF Nos. 16, 20, 22, 25, 27. AIT explained that serving Salesforce "would trigger immediate obligations and potentially duplicative motion practice and case-management activity that would be mooted if AIT prevails on appeal." ECF No. 27 at 4. AIT served Salesforce on October 2, 2026, more than thirteen months after its initial filing of the Complaint in this action. ECF No. 28.

## III. LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal of a complaint that lacks a cognizable legal theory or sufficient facts to support one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A defendant may also use Rule 12(b)(6) to challenge a claim for damages that the law bars. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (damages claims precluded as a matter of law are "better suited for a Rule 12(b)(6) motion or a Rule 56 motion" than a Rule 12(f) motion to strike). Where 35 U.S.C. § 286 bars the claims as pleaded, dismissal under Rule 12(b)(6) is "the necessary consequence." *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1366–67 (Fed. Cir. 2019) (dismissal was "the necessary consequence" of the ruling that the amended claims did not relate back, because "the statute of limitations would bar all of Anza's claims" and reversing in part on the relation-back question). Courts therefore dismiss claims for damages outside the § 286 period when the complaint and judicially noticeable records establish the relevant dates. *See Bralich v. Sullivan*, No. 17-00547 ACK-RLP, 2018 WL 11260505, at *6–8 (D. Haw. Apr. 10, 2018); *see also*

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

*Cross v. Dick's Sporting Goods, Inc.*, No. 2:21CV198-PPS/JPK, 2022 WL 138038, at *3 (N.D. Ind. Jan. 14, 2022).

District courts "retain broad discretion to control their dockets." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). That discretion includes the power to dismiss a later-filed action that duplicates one the plaintiff is already pursuing. *Id.*; *Phillips v. Salt River Police Dep't*, 586 F. App'x 381, 381 (9th Cir. 2014) (mem.) (applying *Adams* after *Taylor*); *Composite Res. Inc. v. Recon Med. LLC*, No. 2:17-cv-01755-MMD-VCF, 2021 WL 8531856, at *1 (D. Nev. Nov. 8, 2021) (doctrine "prohibits duplicative litigation"); *see Arendi S.A.R.L. v. LG Elecs. Inc.*, 47 F.4th 1380, 1384 (Fed. Cir. 2022) (rule against duplicative litigation is "part of [a district court's] general power to administer its docket"). The rule rests on this docket-management authority, not on the finality of judgments. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("[a]s between federal district courts, ... the general principle is to avoid duplicative litigation"); *Katz v. Gerardi*, 655 F.3d 1212, 1217–18 (10th Cir. 2011) (claim-splitting rule "is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments").[2]

## IV. ARGUMENT

### A. THE COURT SHOULD DISMISS AIT'S CLAIMS FOR DAMAGES THAT ARE STATUTORILY BARRED

The Court should dismiss with prejudice AIT's request for equitable relief for damages, which would result in the dismissal of the '111 Patent in its entirety and any claims for damages for

---

[2] The Court may take judicial notice of the filings and orders in the First Action; the Federal Circuit's decision and petition denial; the Supreme Court docket in *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 26A234 (U.S. Aug. 18, 2026); and the filings in this action, for the fact of what was filed and decided. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). The Court may likewise take judicial notice of the '482 Patent file history documents attached as Exhibits 2 and 3, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Email Link Corp. v. Treasure Island, LLC*, No. 2:11-cv-01433-ECR-GWF, 2012 WL 4482576, at *1 & n.1 (D. Nev. Sept. 25, 2012) (taking judicial notice, on a motion to dismiss, of a terminal disclaimer filed with the USPTO); *Colt Int'l Clothing Inc. v. Quasar Sci., LLC*, 304 F. Supp. 3d 891, 892 (C.D. Cal. 2018) ("Prosecution materials are matters of public record and subject to judicial notice").

the ’482 Patent prior to August 29, 2019. AIT’s tolling request fundamentally turns on 35 U.S.C. § 286’s limitation on relief; accordingly, the Court should decide this question now, regardless of whether it dismisses, stays, or retains the remaining claims (as addressed in Section IV.B).

**1. Without Equitable Tolling, AIT’s Claims on the ’111 Patent Fail Entirely**

Section 286 of the Patent Act provides that “no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.” 35 U.S.C. § 286. The six-year period counts back from the date of the complaint in this action, which was filed on August 29, 2025. ECF No. 2. The “starting point can never be earlier than the filing date of the original complaint.” *Anza*, 934 F.3d at 1372; *see Insulet Corp. v. EOFlow Co.*, 176 F.4th 1347, 1352 (Fed. Cir. 2026) (patent claims dismissed without prejudice could not be refiled for infringement committed more than six years before the new complaint, notwithstanding the earlier, timely action). Absent tolling, at a minimum AIT cannot recover for any infringement before August 29, 2019.

That limit disposes of the ’111 Patent entirely. The ’111 Patent expired on January 15, 2019, more than six years before AIT filed this action. *Supra* Background § A. Only acts “during the term of the patent” can infringe. 35 U.S.C. § 271(a). There can be no infringement of the ’111 Patent after January 15, 2019, and § 286 bars recovery for any infringement before August 29, 2019. No period remains in which AIT could recover for infringement of the ’111 Patent. *See Gyory v. Reebok Int’l, Ltd.*, 121 F. App’x 397, 397 (Fed. Cir. 2005) (per curiam) (nonprecedential) (affirming dismissal for failure to state a claim where the patent expired more than six years before suit). AIT’s ’111 Patent claims therefore depend entirely on equitable tolling. If tolling is unavailable, those claims must be dismissed in their entirety, not merely limited. And because the ’482 Patent expired on November 16, 2021, *supra* Background § A & n.1, AIT could recover on that patent, at most, for the roughly two years between August 29, 2019 and November 16, 2021.

AIT nonetheless seeks earlier damages for both patents “by equitable tolling.” ECF No. 2, Prayer ¶ B; *see id.* ¶¶ 25, 30. That request fails for four independent reasons, each of which the Court can decide on the pleadings. *First*, AIT’s theory is not tolling at all: it would borrow the filing date of a different, dismissed action. *Second*, § 286 is not subject to equitable tolling. *Third*, tolling

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

would grant AIT the relief the courts in the First Action have already denied. *Fourth*, AIT does not plead the extraordinary circumstances that tolling requires.

**2. The Court Can Resolve AIT's Tolling Request on the Pleadings**

A court may dismiss a claim as untimely "[i]f the running of the statute is apparent on the face of the complaint," and where the allegations, "read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (citation omitted); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). That standard is met here.

First, whether § 286 allows for equitable tolling at all is a pure question of statutory interpretation. *See infra* § IV.A.4. Second, every fact relevant to AIT's request is established by the Complaint and by judicially noticeable court records: when AIT filed the First Action, the orders dismissing it and denying AIT's requests for equitable relief, the Federal Circuit's affirmance, and when AIT filed and served this action. *See supra* n.2. Third, AIT's pled grounds for tolling—the timing of this Court's ruling and Salesforce's appellate choices—fail on their face. *See infra* § IV.A.6. Fourth, amendment would be futile. *See Cervantes*, 656 F.3d at 1041. No additional allegation could change when AIT filed the First Action, what this Court and the Federal Circuit decided, or when AIT filed this action.

**3. AIT's Theory Requires Borrowing the Filing Date of a Different, Dismissed Action**

AIT's request is not tolling in any ordinary sense. Section 286 counts back from "the filing of the complaint or counterclaim for infringement *in the action*." 35 U.S.C. § 286 (emphasis added). The only complaint in this action was filed on August 29, 2025. ECF No. 2. AIT asks the Court to treat that complaint as if it had been filed on November 8, 2013, in a different action, by a plaintiff that lacked standing to file it, in a case this Court dismissed and the Federal Circuit affirmed. That would not pause a clock running in this action; it would borrow the filing date of another one.

*Anza* confirms the point. There, the patentee asserted new patents through an amended complaint filed in the same action, and the Federal Circuit addressed whether those new claims

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

could take the original complaint's filing date by relating back under Rule 15(c). 934 F.3d at 1368–73. Even then, the "starting point can never be earlier than the filing date of the original complaint." *Id.* at 1372. Relation back operates only within a single action: it provides that "[a]n amendment to a pleading relates back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1). It provides no mechanism for a complaint in one action to adopt the filing date of a complaint in another. *See Insulet*, 176 F.4th at 1352. AIT's theory finds no footing in § 286's text or in *Anza*.

**4. Section 286 Does Not Permit Equitable Tolling**

(a) <u>The Federal Circuit Has Rejected Equitable Exceptions to Section 286</u>

Section 286 does not admit equitable exceptions, including the one AIT seeks. *A. Stucki Co. v. Buckeye Steel Castings Co.*, 963 F.2d 360, 362–65 (Fed. Cir. 1992). In *Stucki*, the patentee argued that equitable considerations, including the pendency of "other litigation," could "operate to 'toll' application of § 286." *Id.* at 363. The Federal Circuit rejected that argument, explaining that "it is not in this court's power to ignore the damage limitation period of § 286, nor to create legally unsubstantiated exceptions thereto." *Id.* at 363, 365. AIT contends that its pursuit of the First Action should extend the § 286 period: that is the same "other litigation" theory the Federal Circuit rejected. *See also Rolls-Royce PLC v. United Techs. Corp.*, No. 1:10cv457, 2011 WL 1740143, at *3 (E.D. Va. May 4, 2011) (refusing to toll § 286 for delay caused by an interference proceeding because "Section 286 is a clear bar on damages and not a statute of limitations").

That rule follows from the nature of the statute. Section 286 does not prescribe when a patentee must sue. It limits what the patentee may recover. Section 286 "is not a statute of limitations in the sense of barring a suit for infringement." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1030 (Fed. Cir. 1992) (en banc), *abrogated on other grounds by SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328 (2017). As a result, "it cannot be said that the statute 'begins to run' on some date or other." *Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co.*, 754 F.2d 345, 348 (Fed. Cir. 1985). Instead, "one starts from the filing of a complaint or counterclaim and counts backward to determine the date before which infringing acts cannot give rise to a right to recover damages." *Id.* Section 286 thus contains no

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

running period for equity to suspend. *See also Bralich*, 2018 WL 11260505, at *7 & n.7 (observing that "equitable tolling does not apply" under § 286 (quoting *Rolls-Royce*, 2011 WL 1740143, at *3)).

(b) Section 286's Text, Structure, and Context Foreclose Tolling

The statute's text, structure, and context lead to the same conclusion. The Supreme Court has called the question whether § 286 is a statute of limitations a "debatable taxonomy." *SCA Hygiene*, 580 U.S. at 338. Regardless, a presumption of tolling gives way where "there [is] good reason to believe that Congress did not want the equitable tolling doctrine to apply," as shown by the statute's text, structure, and context. *Enbridge Energy, LP v. Nessel*, 608 U.S. 67, 146 S. Ct. 1074, 1082, 1084–85 (2026) (holding federal removal deadline not subject to tolling) (quoting *United States v. Brockamp*, 519 U.S. 347, 350 (1997)). Each consideration forecloses tolling here.

*First,* Section 286 does not set a deadline for filing suit. It provides that "no recovery shall be had" for infringement outside the six-year period, and it thus limits the amount a patentee may recover. The Supreme Court has refused to toll limits of that kind. In *United States v. Brockamp*, the Court held that a cap on tax refunds could not be tolled, because tolling "would require tolling, not only procedural limitations, but also substantive limitations on the amount of recovery." 519 U.S. at 352. And in *Arellano v. McDonough*, the Court declined to toll a provision fixing how far back an award of benefits may reach, because Congress "did not expect open-ended tolling to dramatically increase the size of an award." 598 U.S. 1, 10 (2023). Tolling here would have precisely that effect. It would push the start of AIT's damages period over a decade.

*Second,* Section 286 contains a single exception. Its second paragraph excludes the time a claim against the United States is pending before the responsible agency. 35 U.S.C. § 286, ¶ 2. Congress thus addressed when another proceeding extends the § 286 period, and it chose one narrow circumstance. An "explicit listing of exceptions" of this kind indicates "that Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute." *Enbridge*, 146 S. Ct. at 1082 (quoting *Brockamp*, 519 U.S. at 352); *see id.* at 1083 (quoting *United States v. Beggerly*, 524 U.S. 38, 48 (1998)). Congress also knew how to excuse delay elsewhere in the Patent Act. *See, e.g.*, 35 U.S.C. §§ 27, 41(c)(1). It provided no such relief in § 286.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

*Third,* Section 286 "represents a judgment by Congress that a patentee may recover damages for any infringement committed within six years of the filing of the claim." *SCA Hygiene*, 580 U.S. at 336. Courts "are not at liberty to jettison Congress' judgment on the timeliness of suit," so laches cannot shorten that period. *Id.* at 335 (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014)). The same principle bars courts from lengthening it. Tolling would also leave an accused infringer's exposure open for as long as related litigation continues. Here, that is more than a decade. That open-ended exposure is the "cloud of uncertainty" that weighs against tolling. *Enbridge*, 146 S. Ct. at 1084 (citing *Beggerly*, 524 U.S. at 49).

**5. The Courts Have Already Denied Equitable Relief AIT Now Seeks Through Tolling**

Next, tolling would give AIT the very relief this Court and the Federal Circuit have already denied: the benefit of a complaint AIT had no standing to file. Courts assess standing "on the date [the plaintiff] files suit." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010). A standing defect "cannot be cured after the inception of the lawsuit." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1310 (Fed. Cir. 2003). And Article III standing is "incurable if absent at the initiation of suit." *Intellectual Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 814 (Fed. Cir. 2024).

AIT has already sought equitable relief from those rules, and this Court and the Federal Circuit denied it. This Court refused to preserve AIT's 2013 action through Rule 17(a)(3) ratification or contract reformation. First Action ECF No. 481 at 3–4. It held that those remedies "cannot cure the absence of constitutional standing at the inception of the lawsuit," and that it need not consider AIT's untimely arguments "even though 'dire consequences' might result." *Id.* The Federal Circuit affirmed. *AIT Appeal*, 2026 WL 731122, at *5. It also rejected AIT's remaining arguments as "unpersuasive." *Id.*

Nor does AIT's 2013 complaint qualify for tolling as a timely but "defective pleading." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). AIT was not the claimant in 2013. The claims belonged to Ms. Nelson, who never sued. First Action ECF No. 471 at 8. And the defect was not one of pleading. It was an incurable absence of Article III standing. *Id.*; *AIT Appeal*, 2026

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

WL 731122, at *3, *5. The First Action's dismissal therefore "leaves the situation the same as if the suit had never been brought." *Humphreys v. United States*, 272 F.2d 411, 412 n.1 (9th Cir. 1959).

In a related context, the Federal Circuit has likewise refused to let a suit by a party without title count for the patent's true owner. In *Lans v. Digital Equipment Corp.*, an inventor sued on a patent that his wholly owned company held. 252 F.3d 1320, 1324–25 (Fed. Cir. 2001). After that suit was dismissed for lack of standing, the company sued. *Id.* The Federal Circuit held that the inventor's earlier efforts could not satisfy the marking statute's damages limitation on the company's behalf, because "notice from someone closely associated with the patentee does not satisfy § 287(a)." *Id.* at 1327. So too here. A suit AIT had no right to bring cannot extend the damages period for claims that belonged to someone else.

Tolling to 2013 would thus give AIT the monetary equivalent of the relief both courts denied. *See Valtrus Innovations, Ltd. v. Google LLC*, 2026 WL 734528, at *9 (N.D. Cal. Mar. 16, 2026) ("*Valtrus I*") (refusing to let a patentee whose first action failed for lack of standing use a second action "to preserve a longer damages period"), *reconsideration denied*, 839 F. Supp. 3d 861 (N.D. Cal. 2026) ("*Valtrus II*"), *appeal docketed*, No. 26-2160 (Fed. Cir. Aug. 18, 2026). Equitable tolling would reach the same result by different means.[3]

**6. AIT Pleads No Extraordinary Circumstances**

Finally, even if § 286 could be tolled, AIT's allegations would not support tolling. For equitable tolling of a statute of limitations the litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The circumstances must be "both extraordinary *and* beyond its control." *Id.* at 257.

A plaintiff's mistaken belief, however genuine, that it had standing to bring a first action does not warrant equitable tolling of the statute of limitations. In *Menominee*, the Tribe's "mistaken

---

[3] Those rulings were necessary to the judgment and affirmed on appeal.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

reliance" on a putative class action "was not an obstacle beyond its control." *Id.* And in *Stucki*, the Federal Circuit refused to excuse a patentee whose "predicament stem[med]" from its own litigation decisions. 963 F.2d at 364. As the court explained, "Stucki simply waited too long to sue[.]" *Id.* at 365. Here, AIT alleges that it "could not file the present case earlier" because of "the Court delaying a ruling" on the standing motion and "Salesforce's decision not to raise lack of subject matter jurisdiction" in the earlier appeal. ECF No. 2 ¶¶ 25, 30. That assertion is a legal conclusion, and the Court need not accept it. *See Iqbal*, 556 U.S. at 678. And the facts AIT does allege show that AIT created its own predicament and that no external obstacle prevented a timely suit.

(a) <u>AIT Created the Standing Defect</u>

First, AIT created the standing defect. AIT's own principals executed the agreements that defeated its standing, and once the agreements came to light in this litigation, Mr. Sturgeon testified that "[e]verything" went to Ms. Nelson. First Action ECF No. 471 at 2, 5–8. AIT then contested the defect rather than cure it. Although AIT bore the burden of establishing standing, it offered no declaration from Ms. Nelson until after dismissal. First Action ECF No. 471 at 8; First Action ECF No. 481 at 5 n.7; First Action ECF No. 476-1. Ms. Nelson also could have sued in her own name at any time. As in *Lans*, AIT's own "personal choices occasioned [its] standing problems." 252 F.3d at 1328.

Nor can AIT show the diligence that tolling requires. *See Menominee*, 577 U.S. at 255. Salesforce moved to dismiss for lack of standing on October 1, 2022. First Action ECF No. 281. AIT opposed on the merits alone. First Action ECF No. 311. For the nearly thirty months that followed, AIT offered no declaration from Ms. Nelson and sought no ratification, reformation, or assignment, even though Ms. Nelson is one of AIT's two members. First Action ECF No. 471 at 2; *see* First Action ECF No. 479 at 2, 12. Only on April 25, 2025, four weeks after the Court dismissed the First Action, did AIT obtain Ms. Nelson's declaration and her quitclaim assignment. First Action ECF Nos. 476-1, 476-5. A plaintiff that waits for an adverse ruling before curing a defect in its own title has not pursued its rights diligently. *See Valtrus II*, 839 F. Supp. 3d at 865 (patentee's "own decision not to include" the rights-holder as a plaintiff was a "strategic blunder[]" for which the rule against claim splitting "offers no exception"); *cf. Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan*

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

*Stanley & Co.*, 814 F.3d 641, 643 (2d Cir. 2016) (per curiam) (affirming denial of Rule 17(a)(3) ratification as untimely where the motion came "after summary judgment was entered against it and even after the filing of its motion to reconsider").

(b) No External Obstacle Prevented a Timely Suit

Second, no external obstacle prevented AIT from filing a proper action. The timing of the Court's ruling did not stop AIT from curing its title or from having the patents' true owner sue. *See Stucki*, 963 F.2d at 364–65. Nor did Salesforce's appellate choices. Prior to AIT's appeal of the Court's grant of summary judgment for non-infringement and invalidity, the Court had denied the standing motion as moot. First Action ECF No. 471 at 1 n.1. Salesforce was not required to cross-appeal that decision in AIT's appeal to the Federal Circuit. Nor can Salesforce's appellate choices support any form of estoppel. A jurisdictional defense "cannot be waived and may be raised at any time." First Action ECF No. 471 at 3 (citing Fed. R. Civ. P. 12(h)(3)); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (subject-matter jurisdiction "can never be forfeited or waived"). Salesforce moved to dismiss for lack of standing in October 2022, and the Court denied that motion only as moot. Estoppel requires, at a minimum, a position "clearly inconsistent" with an earlier one. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Salesforce has never taken the position that AIT had standing, and AIT identifies no statement by Salesforce on which it relied. Moreover, the burden of establishing standing always remains with the plaintiff. First Action ECF No. 481 at 5 n.7. *Cf. Hebern v. United States*, 132 F. Supp. 451, 453 (Ct. Cl. 1955) (defendant's refusal to disclose information "does not toll the running of the statute, nor can it be held that it operated to prevent plaintiffs from filing suit"). Finally, Salesforce's refusal to agree to toll damages while AIT pursued its appeal is likewise no extraordinary circumstance. At every point, AIT controlled who would file a proper suit and when. Just as in *Stucki*, AIT finds itself in this position because of its own litigation choices. Those choices do not warrant tolling. *See also Valtrus II*, 839 F. Supp. 3d

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

at 865. The Court should therefore dismiss with prejudice AIT's claim for damages for any infringement before August 29, 2019.[4]

**B. THE COURT SHOULD DISMISS THIS ACTION AS DUPLICATIVE OF THE FIRST ACTION**

AIT cannot properly maintain two identical actions against Salesforce at the same time. Yet that is exactly what it is doing here: AIT continues to pursue the First Action through the appeal process, yet also filed this action as a fallback in case that review fails. Compl. ¶¶ 2–3; ECF No. 27 at 2–4. The rule against duplicative litigation does not let a plaintiff hold a second action in reserve while it pursues the first. The Court should dismiss this action without prejudice.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams*, 487 F.3d at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). Courts apply a two-step analysis. *First*, the Court asks whether the later action is duplicative, examining "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. *Second*, the Court weighs "the equities of the case." *Id.* at 688. It then "may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* Both steps favor dismissal here. Section IV.B.1 shows that this action duplicates the pending First Action. Section IV.B.2 shows that the equities favor dismissal without prejudice rather than a stay.

**1. This Action Duplicates the Pending First Action**

<u>AIT Asserts the Same Claims Against the Same Defendant:</u> The first step is readily met. In patent cases, two actions involve the same claim when they assert the same patents against the same or essentially the same accused products. *Arendi*, 47 F.4th at 1384–85; *see Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014). AIT expressly concedes the point. It describes this case as "the second action that AIT brings against Salesforce for infringement of the same patent

[4] Salesforce reserves all other defenses to liability and damages, including non-infringement, invalidity, and all other limitations on recovery for any remaining period.

rights." ECF No. 2 ¶ 2. Both actions assert the Asserted Patents against the Force.com platform, and both seek damages reaching back to 2013. *Compare* ECF No. 2 ¶¶ 10–30 & Prayer ¶ B, *with* First Action ECF No. 1 ¶¶ 19–26. The parties are also identical. AIT is the only plaintiff in both actions, and Salesforce is the only defendant. AIT alleges the same ownership it claimed in the First Action (ECF No. 2 ¶¶ 10–11, 13), supplemented only by the quitclaim assignment it obtained after dismissal of the First Action. First Action ECF Nos. 476-1, 476-5.

Allowing this action to proceed in parallel would risk impairing claims at stake in the First Action. *See Adams*, 487 F.3d at 689 (courts consider "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action" (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982))). If AIT successfully reverses the dismissal from the First Action, a judgment in the First Action would resolve liability and damages for the same period AIT's claims here assert. AIT again effectively concedes as much, stating that if it prevails, it will dismiss this action or consolidate it with the First Action. ECF No. 2 ¶ 3.

<u>AIT Is Still Litigating the First Action:</u> AIT is also maintaining both actions "at the same time." *Adams*, 487 F.3d at 688. The rule does not require a final judgment in the first action. *See Arendi*, 47 F.4th at 1384 n.1. Courts therefore apply the duplicative litigation doctrine while the first action remains on appeal. *See Harper v. Amur Equip. Fin., Inc.*, 2025 WL 3080286, at *1–2 (D. Or. Sept. 8, 2025) (dismissing second action filed while appeal in the first action was "still pending before the Ninth Circuit," because plaintiff was "attempting to litigate two separate lawsuits against the same defendant for the same claim"), *adopted*, 2025 WL 3173592 (D. Or. Nov. 13, 2025); *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (plaintiff "could have waited until final judgment had been rendered in his first suit and the appeal dismissed before filing a second suit"); *see also Rygg v. Hulbert*, No. C14-237 MJP, 2014 WL 5023627, at *5 (W.D. Wash. Oct. 8, 2014) (dismissing claims as duplicative of earlier suits, "both of which have appeals pending before the Ninth Circuit").

That is the posture here. AIT has appealed, sought rehearing en banc, and extended its deadline to petition for certiorari. *See supra* Background § D. AIT itself calls its appeal "co-

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

pending" with this action. ECF No. 27 at 1. And it filed this action to protect its damages "while the First Action proceeded on appeal." *Id.* at 4. AIT has neither abandoned nor exhausted the First Action. It is actively litigating the same claims it asserts here.

Neither the nature nor the basis of the First Action's dismissal changes this result. A dismissal without prejudice in a first action lets a plaintiff file a new action after the first has ended. It does not let the plaintiff prosecute a second action while it continues to litigate the first. *See Adams*, 487 F.3d at 688; *Rygg*, 2014 WL 5023627, at *5 (rejecting argument that, because an earlier suit "was dismissed without prejudice," plaintiffs were "entitled to bring the same claims once again ... despite their appeal to the Ninth Circuit": "This is incorrect."). Nor does the jurisdictional basis of the dismissal matter. Courts of appeals have affirmed the dismissal of duplicative actions even when the first action was dismissed for lack of standing or subject-matter jurisdiction. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236–37 (11th Cir. 2021) (rejecting argument that dismissal of the first action for lack of standing created a "[c]atch-22," because the plaintiff could have included the allegations in the first case); *see also Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." (quoting Oliney, 771 F.2d at 859)). And AIT's pending request for review rests on the premise that jurisdiction existed all along.[5]

### 2. The Equities Favor Dismissal Over a Stay

Here, the equities support resolving the duplicative litigation with a dismissal without prejudice rather than a stay. Where duplicative suits are "contemporaneously pending," "[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams*, 487 F.3d at

---

[5] *See* Restatement (Second) of Judgments § 26(1) (1982). Neither this Court's dismissal order nor the Federal Circuit's affirmance "expressly reserve[]" a right to maintain a second action alongside the first. *Id.* § 26(1)(b). A dismissal without prejudice preserves the right to sue later, not the right to sue twice at the same time. And the jurisdictional exception, *id.* § 26(1)(c), reaches "formal barriers" that keep a court from hearing a type of claim or awarding a form of relief, *id.* cmt. c; *see United States v. Pan-Am. Petroleum Co.*, 55 F.2d 753, 782 (9th Cir. 1932). Nothing barred this Court from adjudicating AIT's infringement claims. Only AIT's lack of title did.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

692–93 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). In weighing the equities, courts consider why the plaintiff filed the second action and how it has prosecuted it. *See id.* at 688 & n.1 (affirming dismissal of second action filed "to circumvent" an adverse ruling, and describing "the filing of a duplicative complaint" as "abusive"). Courts further recognize that dismissal, even with prejudice, may be appropriate where the duplication results from the plaintiff's "repeatedly failing to timely serve process" or reflects "[b]latant forum shopping or gamesmanship." *Chavez v. Dole Food Co.*, 836 F.3d 205, 221 (3d Cir. 2016) (en banc).

Four considerations favor dismissal here. *First*, AIT filed this action to avoid the consequences of the First Action's dismissal. *Second*, AIT has treated this action as a placeholder rather than a case to be litigated. *Third*, a stay would reward that strategy and leave an indefinite case on the Court's docket. *Fourth*, AIT itself is the cause of any prejudice that would result from dismissal, by seeking to assert patents it did not own.

(a) <u>AIT Filed This Action to Evade the First Action's Dismissal</u>

First, AIT filed this action to preserve a fallback filing date. By its own account, AIT brought this action "for the sole purpose of preserving AIT's right to past damages" while it pursues its appeal. Compl. ¶ 3. If the appeal succeeds, AIT will dismiss or consolidate this action. *Id.* AIT first sought the same result by agreement. It asked Salesforce to toll damages "in lieu of the need for AIT to file a new action for the sole purpose of preserving damages." ECF No. 27 at 4. When Salesforce declined, as it was its right to do, AIT filed this action to obtain unilaterally what Salesforce would not agree to: a damages period held in reserve on this Court's docket.

That is not a proper use of a second lawsuit. A dismissal without prejudice "leaves the situation the same as if the suit had never been brought," and the plaintiff "cannot deduct from the period of the statute of limitations" the time the suit was pending. *Cf. Humphreys*, 272 F.2d at 412 & n.1 (quoting 34 Am. Jur. *Limitation of Actions* § 281); *accord Holt v. County of Orange*, 91 F.4th 1013, 1020 (9th Cir. 2024). If the plaintiff believes the dismissal was wrong, "[t]he proper remedy is appeal." *Holt*, 91 F.4th at 1021 (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)). A plaintiff may not pursue that remedy and, at the same time, file a duplicative action to hedge against its failure.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

Courts therefore dismiss second actions filed to hedge against, or work around, an adverse ruling in the first. In *Valtrus*, the patentee feared that the court would dismiss its first infringement action for lack of standing. It filed a second action "to preserve a longer damages period." *Valtrus I*, 2026 WL 734528, at *9. The court dismissed the second action because allowing it to proceed "would ... enable [the patentee] to reap the very reward that motivated its impermissible claim-splitting." *Id.* The Ninth Circuit in *Adams* likewise affirmed dismissal of a second action filed "to circumvent the district court's denial of her untimely motion for leave to amend her first complaint." 487 F.3d at 688. And the Federal Circuit in *Arendi* affirmed dismissal of a second infringement action filed after the court in the first, still-pending action struck portions of the patentee's expert report. 47 F.4th at 1382–83, 1385–86; *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1055–56, 1058–60, 1065 (S.D. Cal. 2007) (dismissing, as duplicative of first, still-pending action, second patent suit filed after court denied leave to amend counterclaim in first action); *Oliney*, 771 F.2d at 859 (plaintiff may not use "duplicative complaints to expand the procedural rights he would otherwise enjoy").

Here, AIT's conduct is more egregious. The *Valtrus* plaintiffs filed their second action "out of an abundance of caution." 2026 WL 734528, at *2 (quoting Compl.). AIT, by contrast, filed this action only after this Court dismissed the First Action and denied AIT's request in its motion for reconsideration for equitable relief that would allow it to preserve its 2013 filing date by substituting the real patent owner, Ms. Nelson, as the plaintiff. First Action ECF Nos. 471, 481. AIT could have accepted the dismissal and filed a properly constituted action. Or it could have sought review to restore its 2013 filing date. AIT instead seeks to have it both ways; the rule against duplicative litigation does not permit that choice.

(b) <u>AIT Has Held This Action in Reserve as a Placeholder</u>

Second, AIT has treated this action as a placeholder. AIT left its complaint unserved for more than thirteen months. It obtained five extensions, each tied to the next development in the First Action. *See supra* Background § E. In its most recent request, AIT asked to defer service only "for a short period." ECF No. 27 at 4. It assured the Court that Salesforce would "suffer no prejudice from a brief extension." *Id.* That "brief" delay has lasted more than thirteen months. *Cf. Oliney*,

771 F.2d at 858_(affirming dismissal of duplicative action where "[s]ervice of the complaint was withheld until after" the first action was dismissed).

AIT also promised to "endeavor to ... stay this action during the pendency of the appeal." ECF No. 2 ¶ 3. Yet it has not filed a motion to stay or tried to make the showing a stay requires. Nor does AIT's placeholder have a firm end date. In July, AIT predicted a decision on certiorari after the Supreme Court's October 9 conference. ECF No. 27 at 4. AIT then extended its own deadline to petition to November 9. No. 26A234. AIT's own conduct thus shows that it does not regard this as a case to be litigated. A plaintiff that serves process only after five extensions, each keyed to the progress of its first action, is holding a placeholder, not prosecuting a case. *See Chavez*, 836 F.3d at 221 (prejudice-based dismissal "may be appropriate" where duplicative litigation results from plaintiff's "repeatedly failing to timely serve process"). AIT is not genuinely prosecuting two actions: it is prosecuting the First Action and holding this one in reserve.

(c) A Stay Would Reward AIT and Leave an Indefinite Case on the Court's Docket

Third, a stay rather than a dismissal without prejudice would unfairly reward AIT's placeholder strategy. More particularly, a stay would give AIT exactly what its placeholder was designed to achieve: a reserved filing date, a dormant case held on the Court's docket for as long as AIT seeks review, and the stay AIT never moved for. A stay would also prolong the dispute rather than end it. And it would not advance this case. AIT has declined to litigate here because any activity "would be mooted if AIT prevails on appeal." ECF No. 27 at 4. Dismissal without prejudice, by contrast, is a measured remedy. *Adams* affirmed a dismissal *with* prejudice where the plaintiff brought duplicative litigation, whereas here Salesforce only seeks dismissal without prejudice. 487 F.3d at 692–93.

The principles that govern stays point the same way. Courts weigh whether there is "even a fair possibility that the stay ... will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005). And "[i]f a stay is especially long or its term is indefinite," courts require "a greater showing to justify it." *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). Both concerns are present here.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

A stay here would have no foreseeable end. AIT's petition for certiorari begins a process with several stages. AIT's deadline to petition for certiorari is November 9, 2026. The Supreme Court must first decide whether to grant review. *See* Sup. Ct. R. 15.3, 15.5. If it grants review, briefing, argument, and decision would follow, and a decision may not come until 2028. Any reversal would then send the case back to the Federal Circuit and then to this Court. Throughout that time, this action would remain open on the Court's docket, requiring monitoring and case management, while AIT has said that any activity here "would be mooted if AIT prevails on appeal." ECF No. 27 at 4. That open-ended burden on the Court's docket is what the rule against duplicative litigation exists to prevent. *See Adams*, 487 F.3d at 688; *Katz*, 655 F.3d at 1217–18. Salesforce, now served, would likewise be left defending a case its plaintiff does not intend to prosecute, on patents that expired years ago. Dismissal without prejudice ends that burden.

Cases favoring a stay are not to the contrary: those decisions protect good-faith litigants who could not have avoided the duplication. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 624 & n.2, 628–29 & n.14 (9th Cir. 1991) (opposing party filed second action a day later, in another district, without knowledge of the first); *Chavez*, 836 F.3d at 222 (plaintiffs filed protective suits because "[t]he law was simply unclear" as to whether their claims were timely). Even so, both courts recognized that dismissal remains appropriate for bad faith, harassment, or gamesmanship. *Alltrade*, 946 F.2d at 629 n.15 ("dismissal of the duplicative suit is justified where there is a finding of harassment"); *Chavez*, 836 F.3d at 221. Here, AIT is the plaintiff in both actions, and filed the second with full knowledge of the first. And it seeks two filing dates for the same claims in the same court. AIT is not the type of litigant those decisions protect.

(d) AIT Created Any Prejudice It Now Faces

Finally, AIT itself is the cause of any prejudice it would suffer from dismissal. AIT's own principals executed the agreements that defeated its standing. *See supra* Background § A. AIT did not produce those agreements for eight years after Salesforce requested them. *Id.* § B. Once the defect came to light, AIT contested it rather than cure it. AIT bore the burden of establishing standing. First Action ECF No. 481 at 5 n.7. Yet it did not offer a declaration from Ms. Nelson, seek ratification, or request reformation until after dismissal. By then, as this Court held, those

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

arguments "could have been raised" earlier. *Id.* at 3 & n.6. Ms. Nelson, as the patents' owner, also could have filed a complaint in her own name at any time. *See* 35 U.S.C. § 281. Instead, AIT had Ms. Nelson assign the patent rights and brought this duplicative complaint. First Action ECF No. 476-5.

AIT thus had every opportunity to establish its standing in the First Action. *Cf. Adams*, 487 F.3d at 693 (plaintiff "had a full and fair opportunity to raise and litigate in her first action the claims she now asserts"). If the First Action ends without reinstatement, AIT remains free to file a properly constituted action, with damages measured from its own filing date as Federal Circuit precedent makes clear is the appropriate pathway following a dismissal for lack of standing. *See Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1332 (Fed. Cir. 2009) (dismissal without prejudice "would allow [the patentee] to file a second action with the standing defect cured"); *Paradise Creations*, 315 F.3d at 1310. Dismissal thus costs AIT nothing to which it is entitled. If AIT later brings a properly constituted action, it keeps whatever claim the statute allows. The only question is which filing date that claim receives: the date AIT earns by filing it, or the date AIT would borrow from a case it had no standing to bring.

Salesforce's statements to the Federal Circuit are consistent with this result. Salesforce told the Federal Circuit that AIT filed this action "consistent with the dismissal below being without prejudice" and that the claims were "proceeding in parallel." Fed. Cir. No. 2025-2026, ECF No. 52 at 4. Both statements are accurate, and neither concedes that a parallel action is proper. A dismissal without prejudice permits a properly brought later action once the first has ended. It does not permit a parallel placeholder while the plaintiff keeps litigating the first. Salesforce also told the Federal Circuit that "[c]onstitutional standing requirements cannot be relaxed for equitable reasons," and that Rule 17(a)(3) "is not a license to 'wait and see' and then reopen a closed record after an adverse ruling." Corrected Responsive Br. for Appellee Salesforce, Inc., *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 2025-2026, 2025 WL 4669735, at *49–50 (Fed. Cir. Nov. 7, 2025). AIT's second action is the same strategy in another form.

For each of these reasons, the Court should dismiss this action without prejudice to AIT's filing a properly constituted action if the First Action ends without reinstatement.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## V. CONCLUSION

For the foregoing reasons, Salesforce respectfully requests that the Court (1) dismiss with prejudice AIT's claims for damages for any alleged infringement committed before August 29, 2019, six years before AIT filed its complaint in this action, including all of AIT's claims on the '111 Patent; and (2) dismiss the remainder of this action without prejudice as duplicative of the First Action.

DATED: November 3, 2026

Respectfully Submitted,

McDONALD CARANO LLP

By: */s/ Leigh Goddard*

LEIGH GODDARD, NV Bar #6315
PHILIP MANNELLY, NV Bar #14236
McDonald Carano LLP
100 West Liberty Street, Tenth Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
Email: lgoddard@mcdonaldcarano.com
pmannelly@mcdonaldcarano.com

KEVIN JOHNSON (*pro hac vice* forthcoming)
RAY ZADO (*pro hac vice* forthcoming)
SAM STAKE (*pro hac vice* forthcoming)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: kevinjohnson@quinnemanuel.com
rayzado@quinnemanuel.com
samstake@quinnemanuel.com

*Attorneys for Defendant Salesforce, Inc.*

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano LLP and that pursuant to LR 5-3 I caused to be electronically filed on this date a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically e-serve the same on the attorneys set forth below:

Michael A. Burke, Esq. NV Bar #11527
SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
Telephone: (775) 299-4051
Email: mburke@sbwlawgroup.com

Michael DeVincenzo (pro hac vice)
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (917) 345-5431
Email: mdevincenzo@hechtpartners.com

DATED: November 3, 2026.

*/s/ Rebecca Mosher*
Rebecca Mosher

# INDEX OF EXHIBITS

| Exhibit | Description | Pages |
|---|---|---|
| 1 | Declaration of Leigh Goddard in Support of Defendant Salesforce, Inc.'s Motion to Dismiss the Complaint | 2 |
| 2 | Certificate of Correction issued by the United States Patent and Trademark Office on September 23, 2008, for U.S. Patent Application No. 09/797,488 (U.S. Patent No. 7,356,482) | 1 |
| 3 | Petition to Accept Unintentionally Delayed Priority Claim Under 37 C.F.R. § 1.78, submitted to the United States Patent and Trademark Office on July 24, 2008, for U.S. Patent Application No. 09/797,488 (U.S. Patent No. 7,356,482) | 3 |

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020