Michael A. Burke, Esq. (NSB #11527)
SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
Telephone: (775) 299-4051
Email: mburke@sbwlawgroup.com

Michael DeVincenzo, Esq. (*pro hac vice*)
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 851-6821
Email: mdevincenzo@hechtpartners.com

*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Civil Action No.: 3:25-cv-00476-MMD-CLB<br><br>**DECLARATION OF MICHAEL DEVINCENZO IN SUPPORT OF PLAINTIFF APPLICATIONS IN INTERNET TIME, LLC'S OPPOSITION TO DEFENDANT SALESFORCE, INC.'S MOTION TO DISMISS THE COMPLAINT** |

I, Michael DeVincenzo, declare as follows:

1. I am an attorney and a partner of Hecht Partners LLP, counsel for Plaintiff Applications in Internet Time, LLC ("AIT") in this action. I am admitted to practice before this Court *pro hac vice*. I have represented AIT in *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 3:13-cv-00628-MMD-CLB (D. Nev.) (the "First Action"), and in the related appeals to the United States Court of Appeals for the Federal Circuit.

2. I submit this declaration in support of AIT's Opposition to Defendant Salesforce, Inc.'s Motion to Dismiss the Complaint (ECF No. 32). I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

**AIT's Production of the 2002 and 2006 Agreements**

3. I supervised AIT's collection and production of documents in the First Action, including AIT's production on April 7, 2022 of the Letter Agreement re: VerticalSuite Transfer of Assets and Related Matters dated April 24, 2002 (the "2002 Agreement") and the Agreement for Sale dated November 9, 2006 (the "2006 Agreement").

4. After the Court construed the claims on November 9, 2021, AIT worked diligently to collect and produced approximately 150,000 pages of documents, which including archival documents from long before the litigation began. The 2002 and 2006 Agreements were part of a collection from AIT's archived records. Upon collection, they were reviewed and produced in the ordinary course on April 7, 2022, while Salesforce was producing documents, and before the deposition of any AIT witnesses.

5. AIT never objected to producing the 2002 Agreement or the 2006 Agreement, never asserted any privilege or other basis for withholding them, and did not withhold them. Salesforce never moved to compel their production. Upon receipt, Salesforce raised no issue with the timing of their production.

6. Salesforce accused AIT of improperly withholding the 2002 and 2006 Agreements first in the First Action (ECF No. 478 at 2; ECF No. 479 at 7–8), and then on appeal: in its September 23, 2025 opposition to AIT's motion to expedite (Fed. Cir. No. 2025-2026, ECF No. 16 at 4–5), in its November 7, 2025 responsive brief (Fed. Cir. No. 2025-2026, ECF No. 21 at 8–9, 42, 52), and in its opposition to AIT's petition for rehearing (Fed. Cir. No. 2025-2026, ECF No. 52 at 1, 5). Salesforce's present motion repeats the substance of that accusation. ECF No. 32 at 3, 22.

7. The accusation that AIT withheld the agreements in question is false, and Salesforce has never identified any evidence supporting it. It is also directed at counsel's conduct. As the attorney responsible for AIT's document productions, I understand a charge that AIT "improperly withheld" responsive documents to be a charge that I failed to honor my obligations to the Court and

to opposing counsel. I have practiced law for 25 years and take those obligations seriously. I did not withhold, and would not withhold, responsive documents, and I take strong exception to Salesforce making that charge without a shred of support.

**AIT's Requests That Salesforce Agree to Toll Damages and to Stay This Action**

8. On August 7, 2025, two days after the Court dismissed the First Action in its entirety (ECF No. 484), AIT, through counsel, asked Salesforce to agree to toll the damages period under 35 U.S.C. § 286 during AIT's appeal, in lieu of AIT filing a new action.

9. On August 15, 2025, the day after AIT noticed its appeal in the First Action (ECF No. 485), AIT renewed that request. On August 15, 2025, Salesforce's counsel responded that Salesforce was considering the request. Salesforce did not respond further before AIT filed this action on August 29, 2025.

10. On September 10, 2025, I wrote to Salesforce's counsel, informed them that AIT had filed this action, asked whether Salesforce would waive service of the complaint, and stated that AIT believed staying this action pending the conclusion of the appeal would avoid unnecessary efforts by the Court and the parties, and asked for Salesforce's position. On September 12, 2025, Salesforce's counsel responded that Salesforce was checking with its client regarding waiver of service, and that "Salesforce does not agree to stay AIT's recently (and improperly) filed second action." A true and correct copy of this email exchange, which begins with a September 5, 2025 email from my colleague Andrea Pacelli, is attached as **Exhibit A**.

**Declarations of Ms. Nelson and Mr. Sturgeon, the Quitclaim Assignment, and AIT's Petition for Certiorari**

11. Attached as **Exhibit B** is a true and correct copy of the Declaration of Beverly G. Nelson, executed on April 25, 2025, as filed in the First Action at FA ECF No. 476-1, excluding exhibits thereto.

12. Attached as **Exhibit C** is a true and correct copy of the Quitclaim Assignment executed by Ms. Nelson in favor of AIT on April 25, 2025, as filed in the First Action at FA ECF No. 476-5. The Quitclaim Assignment was filed as Exhibit D to Ms. Nelson's declaration.

13. Attached as **Exhibit D** is a true and correct copy of the Declaration of Douglas H. Sturgeon, executed on October 28, 2022, filed in the First Action in support of AIT's opposition to Salesforce's motion to dismiss for lack of standing at FA ECF No. 306-4, and included in the appendix to AIT's 2025 appeal (Fed. Cir. No. 2025-2026) at Appx4567–4573.

14. Attached as **Exhibit E** is a true and correct copy of AIT's Petition for a Writ of Certiorari to the United States Court of Appeals for the Federal Circuit, as filed in the Supreme Court of the United States on November 9, 2026, and docketed on November 18, 2026, in *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 26-653.

**Other Exhibits**

15. Attached as **Exhibit F** is a true and correct copy of the Order in *Medtronic Ireland Manufacturing Unlimited Co. v. Recor Medical, Inc.*, No. 25-cv-05881-TLT, ECF No. 76 (N.D. Cal. Mar. 23, 2026).

16. Attached as **Exhibit G** is a true and correct copy of AIT's proposed First Amended Complaint, with changes marked against the Complaint (ECF No. 2).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2026, at Ridgewood, New Jersey.

*/s/ Michael DeVincenzo*
Michael DeVincenzo