# Exhibit A

**Friday, November 20, 2026 at 5:17:09 PM Eastern Standard Time**

**Subject:** RE: AIT v. Salesforce - Fed. Cir. No. 25-2026-IH - Motion to expedite appeal
**Date:** Friday, September 12, 2025 at 3:16:40 AM Eastern Daylight Time
**From:** Sam Stake
**To:** DeVincenzo, Michael (US), Pacelli, Andrea (US), James Judah, Ray Zado, Kevin Johnson
**CC:** QE-AIT-Salesforce, AIT, Steve Sereboff, Michael A. Burke

Counsel,
Taking the issues you've raised in turn:

- We are checking with our client on your request that Salesforce waive service.
- Salesforce does not agree to stay AIT's recently (and improperly) filed second action.
- While Salesforce does not object to AIT filing its opening appellate brief earlier than required, and takes no position at this time on any request to expedite the appeal, Salesforce notes that any alleged urgency is of AIT's own making. Salesforce reserves all rights, including to seek extensions or other relief if warranted.

Regards,
Sam

**Sam Stake**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415.875.6387 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
samstake@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** DeVincenzo, Michael (US) <michael.deVincenzo@us.kwm.com>
**Sent:** Wednesday, September 10, 2025 8:59 AM
**To:** Pacelli, Andrea (US) <Andrea.Pacelli@us.kwm.com>; James Judah <jamesjudah@quinnemanuel.com>; Ray Zado <rayzado@quinnemanuel.com>; Sam Stake <samstake@quinnemanuel.com>; Kevin Johnson <kevinjohnson@quinnemanuel.com>
**Cc:** QE-AIT-Salesforce <qe-ait-salesforce@quinnemanuel.com>; AIT <AIT@us.kwm.com>; Steve Sereboff <SSereboff@socalip.com>; Michael A. Burke <mburke@rssblaw.com>
**Subject:** RE: AIT v. Salesforce - Fed. Cir. No. 25-2026-IH - Motion to expedite appeal

**[EXTERNAL EMAIL from michael.devincenzo@us.kwm.com]**

Counsel:

As you likely know, AIT has filed a new district court action. Please let us know if Salesforce is willing to waive service of the complaint and/or if there is someone else we should reach out to regarding the action. AIT believes staying the action pending the conclusion of the appeal will avoid unnecessary efforts by the Court and the parties and we would like to know Salesforce's position.

Lastly, we look forward to receiving a response to Mr. Pacelli's below e-mail so AIT can promptly request relief. If you have any questions, we are happy to discuss.

Best regards,
Mike

**Michael S. DeVincenzo | Partner**
**King & Wood Mallesons**

**D** +1 212 319 4755
**M** +1 917 345 5431
**F** +1 917 591 8167
**E** Michael.devincenzo@us.kwm.com
**PROFILE**

500 Fifth Avenue, 50th Floor, New York, NY 10110
kwm.com

---

**From:** Pacelli, Andrea (US) <Andrea.Pacelli@us.kwm.com>
**Sent:** Friday, September 5, 2025 1:16 PM
**To:** James Judah <jamesjudah@quinnemanuel.com>; Ray Zado <rayzado@quinnemanuel.com>; Sam Stake <samstake@quinnemanuel.com>; Kevin Johnson <kevinjohnson@quinnemanuel.com>
**Cc:** QE-AIT-Salesforce <qe-ait-salesforce@quinnemanuel.com>; AIT <AIT@us.kwm.com>; Steve Sereboff <SSereboff@socalip.com>
**Subject:** AIT v. Salesforce - Fed. Cir. No. 25-2026-IH - Motion to expedite appeal

Dear Counsel:

AIT intends to file a motion to expedite the above-referenced appeal in view of the long pendency of the case and the narrow issues on appeal.

AIT's motion would request very limited relief and AIT would rely exclusively on self-help without cutting short any of Salesforce's deadlines. Specifically, AIT expects to file its opening brief along with a motion to expedite in the next week or so, well in advance of the October 17, 2025 deadline prescribed under Fed. Cir. R. 31(a)(1)(A). Salesforce's response would be due 40 days later per Fed. Cir. R. 31(a)(2) without any reduction in time. AIT would also be amenable to an expedited filing of its reply brief and appendix before the time prescribed by Fed. R. App. P. 31(a)(1) and Fed. Cir. R. 30(a)(2). AIT will request oral argument during the Court's January or February 2026 sessions.

In view of the short time frame for the motion, please provide Salesforce's position regarding the expedited schedule by COB on **Wednesday, September 10, 2025**.

Best regards,

Andrea

Andrea Pacelli | Of Counsel
King & Wood Mallesons

**D** +1 347 926 7576
**M** +1 917 806 3401
**F** +1 917 591 8167
**E** andrea.pacelli@us.kwm.com
PROFILE

500 Fifth Avenue, 50th Floor, New York, NY 10110
kwm.com

This e-mail is from King & Wood Mallesons LLP, a New York Limited Liability Partnership. This email and any attachment is intended for the use of the individual or entity who is the intended recipient and may contain information that is privileged or confidential. If you have received this e-mail in error, please notify King & Wood Mallesons LLP immediately by replying to this e-mail and delete all copies of the e-mail and the attachments thereto (if any). Thank you.

Disclaimer: King & Wood Mallesons refers to the network of firms that are members of the King & Wood Mallesons network. See **www.kwm.com** for more information. Legal services are provided independently by each of the separate member firms. The term "partner" refers to any individual who is a member of any King & Wood Mallesons entity or an employee or consultant with equivalent standing and qualifications. No member firm nor any of its partners, consultants or employees acts as agent for any other member firm or any of its partners, consultants or employees. No individual partner, consultant, or employee in any member firm has authority to bind any other member firm.