# Exhibit F

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC IRELAND MANUFACTURING UNLIMITED CO., et al.,

Plaintiffs,

v.

RECOR MEDICAL, INC.,

Defendant.

Case No. 25-cv-05881-TLT

**GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS OR STRIKE COUNTERCLAIMS AND AFFIRMATIVE DEFENSES AND DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. Nos. 35, 60

Before the Court is Defendant Recor Medical, Inc. ("Recor")'s motion for judgment on the pleadings under Rule 12(c) and Plaintiffs Medtronic Ireland Manufacturing Unlimited Co. ("Medtronic Ireland") and Medtronic Vascular Galway Unlimited Company ("Medtronic Galway")'s motion to dismiss or strike Recor's counterclaims and affirmative defenses. *See* ECF 35, 60.

This case arises from an alleged patent infringement and relates to a prior case that was dismissed without prejudice. The prior case mooted Medtronic Ireland's motion to join Medtronic Galway and is currently on appeal before the Federal Circuit. The parties do not dispute that both cases involve identical claims, but they dispute whether the current matter is precluded by the claim-splitting doctrine based on the prior suit.

After reviewing the parties' briefs, hearings, the relevant legal authority, and for the reasons stated below, the Court finds that the present case is not precluded by claim splitting from the prior case.

The Court **DENIES** Defendant Recor's motion for judgment on the pleadings and Plaintiff Medtronic's motion to strike Recor's first, third through fifth, and seventh through thirteenth affirmative defenses. *Id.*

For the reasons stated below, the Court **GRANTS** the Plaintiff Medtronic's Motion for Dismissal of Defendant Recor's third and sixth counterclaims and **STRIKES** Recor's sixth affirmative defense. ECF 35.

## I. PROCEDURAL HISTORY

The dispute between the parties began on May 25, 2022. Recor sought a declaratory judgment against Medtronic Ireland and Medtronic Vascular, Inc. that Medtronic Ireland's U.S. Patent No. 8,845,629 (the "'629 Patent") is invalid and is not infringed by Recor's accused product. *See Recor Medical, Inc. v. Medtronic Ireland Manufacturing Unlimited Co., et al.*, No. 22-cv-03072-TLT ("*Recor I*"). *Recor I*, ECF 1. Recor concurrently filed a Notice of Automatic Stay in view of Recor's petition for Intellectual Property Rights ("IPR") of the '629 Patent filed on January 13, 2022. *Id.*, ECF 10. On May 27, 2022, the Court stayed *Recor I* in view of pending the IPR. *Id.*, ECF 14. On July 14, 2023, the Patent Trial and Appeal Board ("PTAB") issued a Final Written Decision confirming the validity of the challenged claims of the '629 Patent.

On November 8, 2023, Medtronic Ireland asserted counterclaims alleging that Recor's product infringed the '629 Patent, as well as U.S. Patent No. 11,801,085 (the "'085 Patent") (collectively "Patents-in-Suit"), thereby lifting the stay of *Recor I*. *Id.*, ECF 23, 24. On December 29, 2023, Recor answered to Medtronic Ireland's counterclaims and asserted additional counterclaims against Medtronic Ireland. The counterclaims included a different entity and an alleged licensee, Medtronic, Inc. The counter claims sought a declaratory judgment that the '085 Patent was invalid and was not infringed by Recor's accused product. *Id.*, ECF 35.

Medtronic Ireland is the owner of the Patents-in-Suit, which relate to systems and methods for renal denervation that involve damaging the nerves around the renal arteries to treat hypertension. *See Id.*, ECF 23-6, 23-10; ECF 106 at 2. In April 2023, seven months before Medtronic Ireland filed its counterclaims, *Id.*, ECF 23, Medtronic Ireland entered into an exclusive license agreement with Medtronic Galway, and the existence of this agreement was disclosed to Recor in February 2025. *Id.*, ECF 139 at 2 and Ex. A; ECF 178 at 2.

On April 22, 2025, Medtronic Ireland filed a motion for joinder, seeking to join Medtronic

Galway. *Id.*, ECF 139. On May 6, 2025, Recor filed a motion to dismiss Medtronic Ireland's counterclaims, asserting that Medtronic Ireland lacked standing and that adding Medtronic Galway through joinder did not resolve the standing challenge. *Id.*, ECF 144.

On July 7, 2025, the Court agreed and held that Medtronic Ireland lacked standing because it had transferred its exclusionary rights in the Patents-in-Suit to the non-party Medtronic Galway. *Id.*, ECF 178. As a result, the Court dismissed Medtronic Ireland's counterclaims without prejudice for lack of standing and Recor's declaratory judgment claims without prejudice for the lack of subject matter and mooted Medtronic Ireland's motion for joinder of Medtronic Galway. *Id*. On August 7, 2025, Medtronic Ireland filed a notice of appeal from the Court's order on Medtronic Ireland's motions to the Federal Circuit. *Id.*, ECF 197. The Federal Circuit scheduled oral argument on the appeal for March 3, 2026. *Id.*, ECF 209.

## II. CURRENT LITIGATION

On July 14, 2025, Medtronic Ireland and Medtronic Galway (collectively "Medtronic") filed the current complaint against Recor, asserting that Recor's accused product infringed Patents-in-Suit ("*Recor II*"). *Recor II*, ECF 1. Unlike *Recor I*, *Recor II* does not include Medtronic Vascular Inc. but does include Medtronic Galway and Medtronic Ireland as the original parties. *Recor II* asserts patent infringement claims identical to Medtronic Ireland's counterclaims in *Recor I*.

On August 6, 2025, Recor filed an answer and counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability. *Id.*, ECF 33. On August 19, 2025, Recor filed its amended answer and counterclaims. *Id.*, ECF 34.

On August 27, 2025, Medtronic moved to dismiss or strike Recor's counterclaims and affirmative defenses, which became fully briefed. *Id.*, ECF 35, 37, 38. On January 9, 2026, Recor moved for judgment on the pleadings under Rule 12(c), asserting that *Recor II* violated the rule against claim splitting. *Id.*, ECF 60. This motion was also fully briefed. *Id.*, ECF 67, 68.

## III. LEGAL STANDARD

### A. Motion for judgment on the pleadings under Rule 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for



United States District Court
Northern District of California

judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings are deemed closed for purposes of a Rule 12(c) motion when an answer has been filed and no counterclaim or cross claim has been made. *Doe v. United States*, 419 F.3d 1058, 1061–1062 (9th Cir. 2005). In evaluating a Rule 12(c) motion, the "analysis is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) ("Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion"). This includes the *Iqbal/Twombly* requirement that to survive a judgment on the pleadings, the plaintiff must allege a claim for relief that is "plausible on its face." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). In evaluating a motion for judgment on the pleadings, the non-moving party's allegations are accepted as true, "while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)).

**B. Motion to Dismiss Counterclaims**

A motion to dismiss a counterclaim under Rule 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015) (citation omitted). Under Rule 12(b)(6), a pleading may be dismissed as a matter of law due to lack of a cognizable legal theory or insufficient facts to support a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). "Although conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067–68 (9th Cir. 2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal



United States District Court
Northern District of California

United States District Court
Northern District of California

quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir.2008).

### C. Motion to Strike Affirmative Defenses

"The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense may be struck if it fails to provide "fair notice" of the basis of the defense." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004) (citation omitted). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike "should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226, 2015 WL 511175, at *1 (N.D. Cal. Feb. 6, 2015). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004). "Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (internal quotations and citation omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon,* No. 12–00846, 2012 WL 2838957, at *2 (N.D.Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010)).

## IV. DISCUSSION

### A. Relevant pleadings are closed for the purpose of resolving under Rule 12(c).

Medtronic contends that Recor's motion is procedurally improper because Medtronic has not filed an Answer to Recor's counterclaims and therefore the pleadings in this case are not closed for the purpose of Rule 12(c). *Recor II*, ECF 67 at 4. Recor counters that its motion "is

United States District Court
Northern District of California

based entirely on Medtronic's complaint, which Recor has answered." *Id.*, ECF 68 at 10; ECF 33.

Courts in this Circuit have taken varying approaches to whether a Rule 12(c) motion is premature. Some maintain a strict interpretation, holding that pleadings remain open until a reply to a counterclaim is filed. *See Wi2Wi, Inc. v. Twin City Fire Ins. Co.*, No. 19-CV-06995-BLF, 2020 WL 4913489, at *5 (N.D. Cal. May 5, 2020); *KEMA, Inc. v. Koperwhats*, 658 F. Supp. 2d 1022, 1027 (N.D. Cal. 2009); *Markel Am. Ins. Co. v. Internet Brands, Inc.*, No. CV172429MWFAJWX, 2017 WL 10433914, at *4 (C.D. Cal. Nov. 6, 2017). Others have adopted a more functional approach, finding that a Rule 12(c) motion is appropriate when "relevant pleadings" at hand have closed. *See Beyond Blond Prods., LLC v. Heldman*, No. 20-cv-5581, 2021 WL 9315215, at *4 (C.D. Cal. Sept. 16, 2021); *In re Outlaw Lab'y, LLP*, 463 F. Supp. 3d 1068, 1079 (S.D. Cal. 2020); *Tibarom NV, Inc. v. Shell Oil Prod. U.*S., No. 308CV00060BESVPC, 2008 WL 11404229, at *2 (D. Nev. Sept. 24, 2008).

The Court finds Recor's motion appropriate even though Medtronic's answer to Recor's counterclaims has not been filed. In *Recor I*, the parties pleaded sufficiently, and they do not dispute that *Recor II* involves substantially different claims and parties. *Recor II*, ECF 67 at 1, ECF 68 at 1. Thus, the lack of Medtronic's answer to Recor's counterclaims in *Recor II* does not seem to be a significant procedural defect that would warrant dismissal. In other words, the issues raised in *Recor II* do not rely on counterclaims that would require different responses from Medtronic than those already alleged in the previous litigation.

Accordingly, Recor's Rule 12(c) motion is appropriate in these circumstances and the Court will address the further inquiries alleged in the motion.

**B. The current case, *Recor II,* is not precluded by *Recor I* based on claim-splitting.**

Recor asks the Court to enter judgment in its favor under the doctrine of claim splitting. Recor argues that Medtronic has created duplicative and wasteful litigation against Recor by raising the same cause of action as the one asserted in *Recor I*. *Id.*, ECF 60 at 2. Medtronic contends that claim splitting does not apply because the dismissal of *Recor I* without prejudice "is considered closed even during the pendency of an appeal" and therefore, *Recor II* is neither duplicative nor wasteful. *Id.*, ECF 67 at 1. Medtronic further contends that "even if the doctrine

United States District Court
Northern District of California

of claim splitting did apply, [it] is a discretionary doctrine" and dismissal is not an appropriate remedy. *Id*. at 1–2.

Under the doctrine of claim splitting, "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684, 688 (2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008). "[U]nlike res judicata, [claim splitting] does not require that there be a final judgment." *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 19-CV-03345-EMC, 2019 WL 4963253, at *4 (N.D. Cal. Oct. 8, 2019). "[T]he appropriate inquiry [in the claim-splitting context] is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Adams*, 487 F.3d at 689 (citation omitted and quotations altered). The doctrine of claim splitting "does not apply once the other lawsuit has been dismissed without prejudice." *Anderson v. Idaho*, No. 1:24-CV-00138-DCN, 2026 WL 309598, at *3 (D. Idaho Feb. 5, 2026).

It is undisputed that both *Recor I* and *Recor II* involve the same subject matter of patent infringement under the identical Patents-in-Suit in relation to the identical Recor's accused product. As a factual matter, Recor filed its complaint against Medtronic Ireland and Medtronic Vascular Inc. in *Recor I*. *Recor I,* ECF 1. Medtronic Ireland subsequently asserted counterclaims against Recor that raised the same claims as those in *Recor II*. *Id.*, ECF 23; *cf. Recor II*, ECF 1.

During the hearing, Plaintiffs' counsel stated that the motivation for filing *Recor II* while *Recor I* is on appeal is to ensure that Medtronic is not disadvantaged by the expiration of the Patents-in-Suit. *Id.*, ECF 73. The parties concede that the narrow issue on appeal is whether Medtronic Ireland in *Recor I* lacked constitutional standing to bring counterclaims against Recor without joining the exclusive licensee, Medtronic Galway, while Medtronic Ireland was the patent owner of the Patents-in-Suit. *Id.* While this information is helpful, the Court does not consider it in determining the present motion.

Here, the Court concludes that claim-splitting does not apply to the current matter, *Recor II,* on at least three grounds. First, *Recor I* and *Recor II* are not "ongoing cases" in this Court. *See Fulfillium v. ReShape Med. LLC*, No. 818CV01265RGKPLA, 2019 WL 13038364, at *3–4 (C.D.

Cal. May 27, 2019) (declining to stay the second case while the first case is a pending appeal for the lack of standing because they are not ongoing cases); *see also Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791, 799 (W.D. Ky. 2022) ("The whole point of dismissing without prejudice is to allow a subsequent suit."). Like in *Fulfillium*, the dismissal without prejudice in *Recor I* is on appeal to the Federal Circuit for a final decision, but the underlying patent infringement claims did not reach the merits in either *Recor I* or *Recor II*. The Court in *Fulfillium* explained that "The Federal Circuit will either affirm or reverse the Court's dismissals [regarding the jurisdictional standing issue]; it will not resolve the case on its merits." 2019 WL 13038364, at *3. In other words, a pending appeal of a dismissal without prejudice based on jurisdiction is not equivalent to a second ongoing case for the purpose of claim-splitting. *cf. Icon-IP PTY Ltd. v. Specialized Bicycle Components, Inc.*, No. 13-cv-3677, 2013 WL 10448869 at *3 (N.D. Cal. Oct. 22, 2013) (claim-splitting applies to preclude the second case when the second case is ongoing under the same patent infringement claim but involves a non-identical accused product from the first case because the claims are "essentially the same.")

Second, *Recor II* is different from *Recor I* in terms of the parties involved. Medtronic Galway, which is a party in *Recor II*, was never allowed to join in *Recor I* and therefore was a non-party in *Recor I*. To refresh, following the discovery of the exclusive license agreement between Medtronic Ireland and Medtronic Galway, Medtronic Ireland moved to join Medtronic Galway. *Recor I*, ECF 139. The Court denied the joinder motion as moot because the Court already held that Medtronic Ireland lacked standing due to having transferred its exclusionary rights to Medtronic Galway, and there was no longer a case or controversy between the original parties. *Id.*, ECF 178. Unlike *Recor I*, *Recor II* includes Medtronic Galway as a co-plaintiff from the outset. Although the claims in *Recor II* are identical to those in *Recor I*, the addition of Medtronic Galway materially cures the jurisdictional defect in relation to the proper parties in *Recor I* and ensures that the entity holding the exclusionary rights for the Patents-in-Suit can be the party asserting those rights.

Third, the Court finds that *Recor II* squarely fits within the exceptions to the general rule regarding claim-splitting under the Restatement (Second) of Judgments. Exceptions occur when

"[t]he court in the first action (*Recor I*) has expressly reserved the plaintiff's (Medtronic) right to maintain the second action (*Recor II*); or [t]he plaintiff (Medtronic) was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action (*Recor I*) because of the limitations on the subject matter jurisdiction of the courts." Restatement (Second) of Judgments § 26(1)(b)–(c) (1982). Upon the dismissal without prejudice, Medtronic exercised its reserved right to file *Recor II*, and because of the lack of constitutional standing in *Recor I*, Medtronic is only able to seek its remedy related to patent infringement through *Recor II*. *See Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791, 799 (W.D. Ky. 2022) ("Dismissal without prejudice means "a dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. . . . The whole point of dismissing without prejudice is to allow a subsequent suit.").

To further support its proposition, Recor argues the ongoing discovery process in *Recor II* is burdensome to Recor while *Recor I* is on appeal. *Recor II*, ECF 68 at 6–9. Recor contends that if the Federal Circuit remands the judgment in favor of Medtronic on the appeal of *Recor I*, all discovery conducted in *Recor II* would be useless, arguing that Medtronic's attempt to make those discoveries applicable to *Recor I* is "misleading and speculative." *Id.*, ECF 68 at 6–7. Recor adds that if the Federal Circuit upholds the dismissal of *Recor I*, then the resources and effort expended in the appeal should warrant the dismissal of *Recor II*. *Id.*, at 7. On the other hand, Medtronic contends that upon the revival of *Recor I* by the remand, the discovery performed in *Recor II* will be usable in *Recor I* and expedite the case. *Id.*, ECF 67 at 9. In case the Federal Circuit maintains the dismissal of *Recor I*, Medtronic claims all work performed in *Recor II* becomes necessary for the continuation of *Recor II*. *Id.*

The Court is not persuaded by Recor's arguments regarding the ramifications of the discovery process performed in *Recor II*. Recor has not sufficiently explained how the resources and effort expended in the appeal should warrant the dismissal of *Recor II*. The Court finds it more plausible that, as argued by Medtronic, even if *Recor II* is precluded by *Recor I* after the remand from the Federal Circuit, the discovery performed in *Recor II* will be usable because of sharing the same claim and the corrected parties. Conversely, if the Federal Circuit affirms the

holding in *Recor I*, given that the parties in *Recor II* have properly established standing, the discovery performed in this action remains usable. Regardless of the outcome of the *Recor I* appeal, the Court finds that maintaining *Recor II* is the most efficient path toward a resolution on the merits.

Accordingly, the Court finds that the doctrine of claim splitting does not apply and **DENIES** Recor's motion to dismiss on the pleadings.

**C. Recor's counterclaims listed below are dismissed, and the named affirmative defenses named below are stricken.**

Medtronic asks the Court to dismiss Recor's third and sixth counterclaims, strike Recor's fifth, sixth, and seventh affirmative defenses, and order that Recor's other affirmative defenses are not affirmative defenses. *Recor II*, ECF 35. The Court addresses each request below.

**i. Recor's third and sixth counterclaims are not standalone counterclaims.**

Medtronic asks that Recor's third and sixth counterclaims, which seek declaratory judgments of unenforceability of the Patents-in-Suit, should be dismissed. *Id.* at 3. Medtronic contends that because these counterclaims are not adequately pleaded and are based on the doctrine of equitable estoppel and unclean hands, they are merely affirmative defenses that do not provide a remedy beyond dismissal of the infringement claims. *Id.* at 3–4; ECF 38 at 1–2.

Recor opposes dismissal, asserting that these counterclaims arise from Medtronic's alleged concealment acts in its ownership interests in the Patents-in-Suit during *Recor I*. *Id.*, ECF 37 at 3–6. Recor contends that these counterclaims would serve a useful purpose for Recor even if Medtronic's infringement claims are resolved on the merits or voluntarily dismissed. *Id.* at 7–8.

The Court finds Medtronic's argument persuasive. Equitable estoppel and unclean hands only bar the requested relief in the specific case at hand and do not impact the underlying validity or enforceability of the patent right itself, and therefore, counterclaims grounded in such doctrines cannot survive as independent counterclaims. *See Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1376 (Fed. Cir. 2001) (noting that unclean hands "only provides a bar to relief in the case at hand" and does not result in a declaration of general unenforceability); *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 856 F. Supp. 2d 1136, 1155 (C.D. Cal. 2012) ("The

United States District Court
Northern District of California

defense of equitable estoppel … bars all relief in an infringement action—both before and after the lawsuit is filed."); *ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1063 (Fed. Cir. 1995) ("Estoppel is an equitable defense to a charge of patent infringement and, if proven, may entirely bar an infringement suit."). Recor's third and sixth counterclaims do not present a claim independent of the infringement charge that would remain viable after the dismissal of the other claims.

The Court also finds that these counterclaims are not adequately pleaded based on the prior holdings in *Recor I*. *See Recor I*, ECF 206. In *Recor I*, the Court held that while Medtronic's disclosure of ownership interest was delayed, such conduct did not meet the threshold of "egregious litigation misconduct" required to make *Recor I* exceptional. *Id*. at 10–11. The Court further addressed Recor's claim in the dispute of discovery associated with the delayed disclosure of ownership, that "the parties were not wholly prevented from addressing the dispute in discovery," as Recor had the opportunity to depose experts regarding corporate entities to ascertain the interest of non-party Medtronic Galway in *Recor I* before the close of expert discovery. *Id*. at 10. While the Court in this district granted leave to amend for declaratory judgments of unenforceability in a patent claim for being insufficient to state a claim, *Apple Inc. v. Wi-LAN Inc.*, No. C 14-2838 CW, 2014 WL 4477362, at *7 (N.D. Cal. Sept. 11, 2014), permitting the counterclaims here would likely raise the same issues in *Recor I* associated with the impact of the Medtronic Galway-related discovery disputes that the Court has already addressed and therefore would not benefit judicial economy.

Accordingly, the Court **GRANTS** Medtronic's motion to dismiss the third and sixth counterclaims **WITHOUT LEAVE TO AMEND**. While leave to amend should be freely given when justice so requires under Rule 15(a), the Court finds that any amendment to these declaratory judgments of unenforceability of Patents-in-suit would be futile.

#### ii. Recor's sixth affirmative defense is stricken, but not the fifth and seventh affirmative defenses.

Next, Medtronic asks the Court to strike Recor's fifth (equitable defenses), sixth (judicial estoppel), and seventh (defense of preclusion) affirmative defenses. *Recor II.*, ECF 35 at 4–7.

With respect to the fifth affirmative defense, Recor raises various equitable doctrines, including acquiescence, waiver, implied license, patent misuse, and unclean hands. *Id.*, ECF 34 at 11. Recor pleads that Medtronic's conduct and representations regarding the Patents-in-Suit in *Recor I* have materially prejudiced Recor and altered the equities between the parties. *Id.* In support, Recor contends that Medtronic has engaged in patent misuse by attempting to extend the statutory expiration date of the Patents-in-Suit so that Medtronic can improperly seek future lost profits against Recor. *Id.* Medtronic counters that Recor fails to sufficiently plead facts to support such equitable doctrines. *Id.*, ECF 35 at 4–6.

The Court finds that Recor pleads more than mere conclusory allegations and provides a logical connection to the primary claims in this case. Recor provides specific factual examples of Medtronic's alleged misconduct to support its equitable theories. By identifying a specific expiration date and alleging that Medtronic's pursuit of future lost profits beyond that date constitutes an improper expansion of the patent grant, Recor has provided sufficient "fair notice" of the grounds upon which its fifth affirmative defense rests.

Accordingly, the Court **DENIES** Medtronic's motion to strike the fifth affirmative defense.

As to the sixth affirmative defense, Recor pleads that "Medtronic's claims are barred in whole or in part based on the doctrine of judicial estoppel to the extent Medtronic makes arguments in this proceeding that are inconsistent with arguments made in a prior or currently pending proceeding, where Medtronic has benefited from that argument in the other proceeding." *Recor II*, ECF 34 at 11–12. Medtronic moves to strike this defense as speculative and lacking factual support. *Id.*, ECF 35 at 6.

Judicial estoppel is intended to "protect the integrity of the judicial process" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001). "Courts consider three factors in determining whether to apply the doctrine: (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) whether the party successfully persuaded a court to accept its earlier position, "so that judicial acceptance of an inconsistent position in a later

proceeding would create 'the perception that either the first or second court was misled' "; and (3) whether the party seeking to assert an inconsistent position would "derive an unfair advantage or impose an unfair detriment" on its opponent if not estopped." *IT Casino Sols., LLC v. Transient Path, LLC*, No. 21-CV-09872-WHO, 2022 WL 4913526, at *4 (N.D. Cal. Oct. 3, 2022) (citing *New Hampshire*, 532 U.S. at 750–51.).

The Court finds that Recor has failed to meet the pleading requirements for this defense. Recor does not identify any specific, "clearly inconsistent" position Medtronic has taken. Rather, Recor asserts the defense only "to the extent" such inconsistencies might arise in the future. This defense is speculative and does not provide fair notice of its basis. Moreover, the Court is not persuaded that Medtronic's position was contradictory, since in *Recor I*, it was determined that Medtronic's litigation behavior was not frivolous. *Recor I*, ECF 206 at 8–9. The Court also notes that "Medtronic Ireland waited two years before moving to join Galway to this action, but this still does not meet the "extraordinary standard for 'egregious' litigation misconduct" that makes a case "exceptional." *Id.* at 10–11.

Accordingly, the Court **GRANTS** Medtronic's motion to strike the sixth affirmative defense **WITHOUT LEAVE TO AMEND**. While leave to amend should be freely given when justice so requires under Rule 15(a), the Court finds that amendment to the judicial estoppel defense would be futile because, in light of the prior ruling that Medtronic's conduct in *Recor I* was not frivolous or egregious, Recor remained this affirmative defense based on the speculative nature in the future.

As to the seventh affirmative defense of preclusion, Recor pleads that Medtronic's claims are barred by preclusion principles under *Recor I*, which is still pending on appeal. While the Court explains that the current case is not precluded by *Recor I* at this time, Recor has sufficiently pleaded this defense because it can be dependent on the outcome of the appeal.

Accordingly, the Court **DENIES** Medtronic's motion to strike the seventh affirmative defense.

**iii. Recor's other counterclaims are not stricken.**

Lastly, Medtronic moves to strike Recor's remaining first, third, fourth, eighth, ninth,

tenth, eleventh, twelfth, and thirteenth affirmative defenses, including non-infringement, failure to state a claim, prosecution history estoppel, lack of willfulness, failure to state facts sufficient to support an award of attorney's fees, limitations on costs and damages, and a denial of injunctive relief. *Recor II*, ECF 35 at 7–8.

Given that motions to strike are generally disfavored in this District, and these affirmative defenses do not clearly lack merit under the alleged facts, the Court finds all remaining affirmative defenses are not appropriate to strike. *See Incase Designs, Inc. v. Marware, Inc.*, No. C 13-00604 RS, 2013 WL 12214133, at *3 (N.D. Cal. May 28, 2013) (denying affirmative defense of non-infringement because plaintiff received fair notice of the nature of the defense and denying affirmative defense of failure to state a claim, although it may be properly raised as a motion).

Accordingly, the Court **DENIES** Medtronic's motion to strike the first, third, fourth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth affirmative defenses.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Recor's motion for judgment on the pleadings Rule 12(c) and **GRANTS-IN-PART AND DENIES-IN-PART** Medtronic's motion to dismiss or strike Recor's counterclaims and affirmative defenses.

The Court **GRANTS** Medtronic's motion to dismiss Recor's third and sixth counterclaims **WITHOUT LEAVE TO AMEND**.

The Court **GRANTS** Medtronic's motion to strike Recor's sixth affirmative defense **WITHOUT LEAVE TO AMEND.**

The Court **DENIES** Medtronic's motion to strike Recor's first, third through fifth, and seventh through thirteenth affirmative defenses.

//

//

The Further Case Management Conference set for 4/16/2026 at 2:00 PM in San Francisco - Videoconference Only is maintained. Joint Case Management Statement is due by 4/9/2026.

This Order resolves ECF 35 and 60.

IT IS SO ORDERED.

Dated: March 23, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California