# Exhibit G

Michael A. Burke, Esq. (NSB #11527)
SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
Telephone: (775) 299-4051
Email: mburke@sbwlawgroup.com

Michael DeVincenzo, Esq. (pro *hac vice*)
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 851-6821
Email: mdevincenzo@hechtpartners.com

*Attorneys for Plaintiff Applications in Internet Time, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APPLICATIONS IN INTERNET TIME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Civil Action No.: 3:25-cv-00476-MMD-CLB<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Applications in Internet Time, LLC ("AIT") for its First Amended Complaint for Patent Infringement against Defendant Salesforce, Inc. ("Salesforce") hereby states and alleges as follows:

1. This is a civil action for patent infringement arising under the Acts of Congress relating to patents, including Title 35 United States Code § 1 *et seq*.

2. This is the second action that AIT brings against Salesforce for infringement of the same patent rights. AIT filed its original patent infringement complaint on November 8, 2013 ("First Action"). *Applications in Internet Time, LLC v. Salesforce, Inc.*, Civil Action No. 3:13-CV-00628-MMD-CLB (ECF 1). On March 28, 2025, after well over a decade of litigation, the Court dismissed without prejudice the First Action under Fed. R. Civ. P. 12(b)(1) (ECF 471). On July 21, 2025, the Court denied AIT's motion for relief from and to reconsider the Court's dismissal (ECF 481). On August 14, 2025, AIT filed a notice of appeal to the Federal Circuit (ECF 485). On August 18, 2025, the Federal Circuit docketed the appeal as No. 2025-2026. On March 16, 2026, the Federal Circuit

affirmed, and on June 12, 2026, it denied rehearing. On November 9, 2026, AIT petitioned the Supreme Court for a writ of certiorari, which was docketed on November 18, 2026 as No. 26-653.

3. This new action is being brought for the sole purpose of preserving AIT's right to past damages in view of the applicable statute of limitations during pendency of the appeal. *See* 35 U.S.C. § 286 ("Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action."). If AIT's appeal is successful and the First Action is reopened, AIT will either voluntarily dismiss this action or move the Court to consolidate it with the First Action, as appropriate. Moreover, AIT will endeavor to preserve judicial and party resources and stay this action during the pendency of the appeal.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to at least Title 28 United States Code §§ 1331 and 1338(a).

5. Upon information and belief, Defendant Salesforce has transacted business in this Judicial District, has committed and/or induced acts of Patent Infringement in this District, and has a regular and established place of business in this District. For example, upon information and belief, Defendant Salesforce provides support, training, promotion, and other services at physical locations in this District through authorized agents, for purposes of conducting Defendant Salesforce's business in this District. Venue with respect to Defendant Salesforce is therefore proper within this District pursuant to Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

6. Upon information and belief, personal jurisdiction over Defendant Salesforce comports with the United States Constitution and N.R.S. § 14.065 because the Defendant has systematic and continuous contacts with the State of Nevada, has purposefully availed itself of the privileges of conducting business in the State of Nevada, regularly conducts and solicits business within the State of Nevada, and AIT's causes of action arise from Defendant's business contacts and other activities in the State of Nevada.

7. Upon information and belief, Defendant Salesforce is subject to this Court's specific and general jurisdiction pursuant to due process and/or N.R.S. §14.065 at least as to its substantial business in this forum, including at least a portion of the infringements alleged herein, and regularly doing or

soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and services provided to clients and customers in Nevada.

## THE PARTIES

8. Plaintiff AIT is a limited liability company organized and existing under the laws of the state of Nevada with its principal place of business located at 200 South Virginia Street, Suite 840, Reno, Nevada 89501.

9. Upon information and belief, Defendant Salesforce is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at Salesforce Tower, 415 Mission Street, 3rd Floor, San Francisco, CA 94105. Salesforce may be served through its registered agent CT Corporation System at 701 South Carson Street, Suite 200, Carson City, NV 89701.

## BACKGROUND OF THE PATENTED TECHNOLOGY

10. Plaintiff AIT is the owner of U.S. Patent No. 7,356,482 ("'482 patent") entitled "Integrated Change Management Unit." The United States Patent and Trademark Office duly and legally issued the '482 patent on April 8, 2008. The '482 patent is assigned to AIT. A copy of the '482 patent is attached hereto as Exhibit A.

11. Plaintiff AIT is the owner of U.S. Patent No. 8,484,111 ("'111 patent") entitled "Integrated Change Management Unit." The United States Patent and Trademark Office duly and legally issued the '111 patent on July 9, 2013. The '111 patent is assigned to AIT. A copy of the '111 patent is attached hereto as Exhibit B.

12. The technology described and claimed in the '482 and '111 patents was originally developed in response to programming problems resulting in application deployment delays. Generally, the technology enables individuals with knowledge of the business process rather than only computer programmers to have responsibility for application development with a simple and efficient metadata-driven application platform.

13. Plaintiff AIT has the exclusive right to make, use, sell and offer to sell the inventions of the '482 and '111 patents, and has the right to sue and to recover damages for past, present, and future infringement of the claims of the '482 and '111 patents.

**BACKGROUND OF SALESFORCE'S INFRINGEMENT OF THE '482 AND '111 PATENTS**

14. Defendant Salesforce is one of the leading providers of multi-tenant platform and application enterprise software as a service in a cloud computing environment. Salesforce states in its 2013 Annual Report that "We deliver our service as a highly scalable, multi-tenant app. … We have optimized our service to run on specific databases and operating systems using the tools and platforms best suited to serve our customers rather than providing software that must be written to different hardware, operating system and database platforms, or that depends upon a customer's unique system environment. … Our service treats all customers as logically separate tenants in central applications, databases and other resources. … Because of our multi-tenant and logically separated architecture, we are able to provide all of our customers with a solution based on a single version of our apps." Salesforce 2013 Annual Report at 6–7.

15. Salesforce's Force.com platform is the development environment for enterprise applications and is designed for developing and deploying cloud computing applications via configuration-driven development. The Force.com platform has a metadata-driven architecture and relies on metadata describing base functionality of applications as well as metadata corresponding to application customizations. Changes in metadata are detected by the platform and enable Salesforce's clients, customers, third parties, and Salesforce itself to customize, update, and change user applications from the cloud.

16. On information and belief, Salesforce relies on the Force.com platform as the backbone for its software as a service offerings, including Sales Cloud, Service Cloud, and Marketing Cloud. Salesforce states on its developerforce.com site that "Force.com is the proven cloud application development platform that powers many popular salesforce.com cloud applications …" https://web.archive.org/web/20131106151302/http://wiki.developerforce.com/page/Multi_Tenant_Architecture. Likewise, "Force.com, the world's leading cloud platform for business apps, offers the infrastructure upon which both Sales Cloud and Service Cloud are built …" https://web.archive.org/web/20131027235847/http://blog.cloudsherpas.com/cloud-strategy-2/the-force-com-sweet-spot/.

17. Salesforce's manufacture, use, sale, and/or offer for sale of the Force.com platform constitutes a direct infringement of one or more claims of the '482 and '111 patents.

18. Salesforce's provision of the Force.com platform and documentation instructing, encouraging, and directing its clients, customers, and third parties on the use of the Force.com platform to create and customize multi-tenant applications constitutes an inducement of infringement of one or more claims of the '482 and '111 patents. For example, Salesforce states in its 2013 Annual Report that "Through our platform and other developer tools, *we also encourage third parties to develop additional functionality and new apps that run on our platform*, which are sold separately from, or in conjunction with, our service." Salesforce 2013 Annual Report at 3. In addition to Salesforce's specific acknowledgement, acts and documentation demonstrating Salesforce's inducement of infringement include Salesforce's maintenance of websites at http://force.com, http://developer.force.com, http://wiki.developerforce.com, and http://www.forceprepare.com/, as well as its distribution of at least the following documentation:

- *Force.com: A Comprehensive Look at the World's Premier Cloud-computing Platform* (http://www.developerforce.com/media/Forcedotcom_Whitepaper/WP_Forcedotcom-InDepth_040709_WEB.pdf)
- *Development Lifecycle Guide, February 18, 2012* https://web.archive.org/web/20120227144756/http://www.salesforce.com/us/developer/docs/dev_lifecycle/salesforce_development_lifecycle.pdf)
- *Introduction to Force.com* (https://web.archive.org/web/20130529161852/http://events.developerforce.com/conferences/dreamforce?session=21241)
- *An Introduction to the Force.com IDE* (https://web.archive.org/web/20131027062608/http://wiki.developerforce.com/page/An_Introduction_to_Force_IDE)
- *Force.com Migration Tool Guide* (https://web.archive.org/web/20130102202748/http://www.salesforce.com/us/developer/docs/daas/salesforce_migration_guide.pdf)
- *An Introduction to Environments* (https://web.archive.org/web/20131108225234/http://wiki.developerforce.com/page/An_Introduction_to_Environments)

- *Deploy Force.com Applications to Production Faster* (https://web.archive.org/web/20131103034344/http://wiki.developerforce.com/page/Deploy_Force.com_Applications_Faster).

19. Salesforce's clients, customers, and third parties who use the Force.com platform to create and customize multi-tenant applications as instructed, encouraged, and directed by Salesforce directly infringe the '482 and '111 patents.

20. Salesforce has actual knowledge of the '482 and '111 patents as well as AIT's allegations of infringement through at least service of the complaint in the First Action and subsequent litigation, in addition to service of this complaint. Despite this knowledge, Salesforce continues with its infringing activities. Thus, upon information and belief, Salesforce has intended and continues to intend to induce patent infringement by its clients, customers, and third parties, and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringement.

## AIT IS ENTITLED TO EQUITABLE TOLLING OF 35 U.S.C. § 286

### *The First Action and Salesforce's Continuous Notice*

21. AIT sued Salesforce on the '482 and '111 patents on November 8, 2013, and has pursued these claims against Salesforce continuously since. The claims asserted here are the same claims, on the same patents, against the same defendant and the same accused products, as those asserted in the First Action.

22. On November 18, 2013, AIT filed a Certificate of Interested Parties in the First Action identifying Beverly G. Nelson as a person with an interest in the outcome of the case (First Action, ECF 9). On April 21, 2014, AIT's interrogatory responses identified Ms. Nelson as one of AIT's two members with a financial interest in the litigation.

23. Ms. Nelson knew of and consented to AIT's filing and prosecution of the First Action from its inception. She approved the September 13, 2012 assignment of the patents from Alternative Systems, Inc. ("ASI") to AIT so that AIT could assert them against Salesforce. She never claimed to own the patents and never intended to hold them personally.

***Salesforce's Stays of the First Action***

24. In August 2014, Salesforce petitioned for covered business method review of the patents and moved to stay the First Action. AIT did not oppose, and the First Action was stayed from August 25, 2014 to April 27, 2015, when the Patent Trial and Appeal Board ("PTAB") declined to institute review.

25. In August 2015, Salesforce and RPX Corporation challenged the same patents in petitions for *inter partes* review. Salesforce moved to stay again; over AIT's opposition, the Court denied that motion. Salesforce renewed its motion in March 2016, again over AIT's opposition, and the Court stayed the First Action on June 14, 2016.

26. AIT did not acquiesce in that stay. After the Federal Circuit vacated the PTAB's 2018 decisions, AIT moved to lift the stay and petitioned the Federal Circuit for a writ of mandamus. After the PTAB terminated the IPR proceedings, the Court lifted the stay on March 2, 2021, on AIT's motion and over Salesforce's opposition. The First Action was thus stayed at Salesforce's request, over AIT's objection, for 1,722 days.

27. In June 2022, Salesforce moved to stay the First Action a third time. The Court denied the motion, finding that Salesforce had "essentially used tactical gamesmanship" and that a further stay would be "unconscionable" (First Action, ECF 391).

***Discovery and the 2002 and 2006 Agreements***

28. The parties agreed that discovery would await the Court's claim construction ruling, and no discovery was taken during the stays. The Court construed the claims on November 9, 2021.

29. After claim construction, AIT collected and produced approximately 150,000 pages of documents, including archival records from long before the litigation began. An April 24, 2002 letter agreement and a November 9, 2006 agreement for sale (the "2002 and 2006 Agreements") were located among AIT's archived records and were reviewed and produced in the ordinary course on April 7, 2022, while Salesforce was producing documents and before the deposition of any AIT witness. AIT never objected to producing those agreements and never withheld them, and Salesforce never moved to compel their production.

30. Salesforce did not raise ownership upon receiving the 2002 and 2006 Agreements. It moved to dismiss for lack of standing only on September 30, 2022, after fact and expert discovery had closed. Its motion relied on deposition testimony and expert discovery, led with a theory that the patents belonged to a different entity called LFR Technologies, LLC (LFRT), and offered Ms. Nelson's ownership under the 2006 Agreement only as an inconsistent alternative.

***Ms. Nelson's Illness and AIT's Good-Faith Opposition***

31. In early 2022, Ms. Nelson, then in her eighties, became seriously ill with COVID-19. On her physician's advice, she was unable to testify. Salesforce was informed of this fact shortly before it notified AIT that it would file a motion on standing.

32. AIT opposed Salesforce's motion in good faith. AIT held the recorded 2012 assignment and believed that it held title to the patents.

***Salesforce Asks the Court to Decide the Merits First***

33. After moving to dismiss for lack of standing, Salesforce argued its summary judgment motions without mentioning standing and proposed an order denying its own standing motion as moot, because, in its view, it was "unnecessary to reach the questions raised in the standing motion." First Action ECF 474 at 5:24–25.

34. On September 12, 2023, the Court granted summary judgment and denied the standing motion as moot, without prejudice to the parties' re-raising their positions in the event of a remand. The Court later awarded Salesforce nearly $7 million in attorneys' fees.

35. AIT appealed. In its opening briefs, AIT represented that the district court had jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Salesforce identified no disagreement with that statement and asked the Federal Circuit to affirm the merits judgment and the fee award.

36. On October 10, 2024, the Federal Circuit vacated the summary judgment and the fee award.

***Dismissal, Cure, and Refiling***

37. On remand, Salesforce renewed its standing motion. At the March 4, 2025 hearing, Salesforce's counsel told the Court that, for a constitutional standing defect, "the standing event has to be cured and they have to refile the case." First Action, ECF 474 at 32:7–8.

38. On March 28, 2025, the Court dismissed the First Action without prejudice. AIT believed that, under controlling Ninth Circuit law, it was entitled to await the Court's ruling and that any defect could then be cured, including under Federal Rule of Civil Procedure 17(a)(3). Courts had permitted such cures in patent cases, and the law distinguishing statutory from constitutional defects in patent title was unsettled.

39. On April 25, 2025, four weeks after the dismissal, Ms. Nelson executed the quitclaim assignment described in paragraph 13 and declared that AIT had proceeded with her knowledge and consent since the filing of the First Action. She ratified AIT's actions in the litigation and agreed to be bound by its results.

40. On July 21, 2025, the Court denied AIT's motion for reconsideration and vacated its judgment because Salesforce's counterclaims against AIT remained pending. Those counterclaims were dismissed without prejudice on August 5, 2025, ending the First Action in this Court.

41. On August 7, 2025, AIT asked Salesforce to agree to toll the § 286 period during AIT's appeal, in lieu of AIT filing a new action. AIT renewed that request on August 15, 2025. On the same day Salesforce responded that it was considering the request, but it did not respond further.

42. AIT noticed its appeal on August 14, 2025, and filed this action on August 29, 2025, twenty-four days after the First Action ended in this Court.

43. On September 10, 2025, AIT asked Salesforce to agree to stay this action pending the appeal. On September 12, 2025, Salesforce refused.

***The Appellate Proceedings and Service of This Action***

44. In opposing AIT's petition for rehearing, Salesforce told the Federal Circuit that AIT "has already filed a new complaint asserting the same patents against Salesforce … consistent with the dismissal below being *without* prejudice." No. 2025-2026, ECF No. 52 at 4. The Federal Circuit denied rehearing on June 12, 2026.

45. AIT sought and obtained the Court's leave to extend time under Federal Rule of Civil Procedure 4(m) to serve the complaint. Each extension was sought before the service deadline and tied to developments in the First Action. AIT ultimately served Salesforce with the complaint in this action on October 2, 2026.

***Grounds for Equitable Tolling***

46. Section 286 is a nonjurisdictional statute of limitations and is subject to equitable tolling.

47. The § 286 period was tolled during the pendency of the First Action, through filing of this Action, because AIT timely sued the same defendant on the same claims; the First Action was dismissed on a ground that did not reach the merits; Salesforce had continuous notice of the claims; and AIT prosecuted the First Action in good faith and refiled promptly.

48. Independently, AIT pursued its rights with reasonable diligence, and extraordinary circumstances beyond its control prevented an earlier cure and refiling, including the stays Salesforce obtained over AIT's objection; the deferral of discovery until after claim construction; Ms. Nelson's illness; Salesforce's request that the Court deny that motion as moot in view of the merits judgment; Salesforce's silence on jurisdiction on appeal; the unsettled state of the law governing cure of defects in patent title; Salesforce's position that AIT could not maintain a second action while the First Action remained pending; and Salesforce's refusal to agree to toll.

49. Salesforce suffers no prejudice from tolling. It has had actual notice of these claims since 2013 and has litigated them through claim construction, fact and expert discovery, summary judgment, and appeal. The patents have expired, AIT seeks only damages for past infringement, and Ms. Nelson has conveyed all claims to AIT and agreed to be bound, so Salesforce faces no risk of a second claimant.

50. The § 286 period should be tolled: (a) from the filing of the First Action on November 8, 2013 through the filing of this action on August 29, 2025; or, in the alternative, separately or in combination, for (b) the 1,967 days from August 25, 2014 to April 27, 2015 and from June 14, 2016 to March 2, 2021, when the First Action was stayed upon Salesforce's requests; (c) the 1,722 days from June 14, 2016 to March 2, 2021, when the First Action was stayed over AIT's objection; (d) the 557 days from July 10, 2023, when Salesforce proposed that its standing motion be denied as moot, to January 17, 2025, when it asked that the motion be reinstated; or (e) any other period the Court finds would be equitable in light of the circumstances.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,356,482**

~~21.~~51. The allegations in all the paragraphs above are incorporated by reference into Plaintiff's Count I as if fully set forth herein.

~~22.~~52. Upon information and belief, Defendant Salesforce is directly infringing and/or has directly infringed one or more claims of the ’482 patent as a result of, among other activities, the making, using, selling, offering for sale, and providing products and/or services that embody or utilize the systems and methods of the ’482 patent, including the Force.com platform, in violation of 35 U.S.C. § 271(a).

~~23.~~53. Upon information and belief, Defendant Salesforce is inducing and/or has induced infringement of one or more claims of the ’482 patent as a result of, among other activities, instructing, encouraging, and directing its clients, customers, and third parties on the use of the Force.com platform in an infringing manner as described in the paragraphs above, in violation of 35 U.S.C. § 271(b).

~~24.~~54. Upon information and belief, Defendant Salesforce infringes, continues to infringe, and/or has infringed one or more claims of the ’482 patent either directly and/or by inducement and either literally or under the doctrine of equivalents in violation of 35 U.S.C. § 271(a-b).

~~25.~~55. The six-year time limitation on damages specified in 35 U.S.C. § 286 should be equitably tolled. Plaintiff diligently pursued its rights to seek redress from Salesforce for its infringement of the ’482 patent in the First Action. However, due to extraordinary circumstance of the Court delaying a ruling on Salesforce’s motion to dismiss AIT’s Complaint in the First Action for lack of subject matter jurisdiction until years after its filing, and instead granting Salesforce’s motions for summary judgment, as well as Salesforce’s decision not to raise lack of subject matter jurisdiction during AIT’s appeal of the Court’s grant of summary judgment, AIT could not file the present case earlier.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,484,111**

~~26.~~56. The allegations in all the paragraphs above are incorporated by reference into Plaintiff’s Count II as if fully set forth herein.

~~27.~~57. Upon information and belief, Defendant Salesforce is directly infringing and/or has directly infringed one or more claims of the ’111 patent as a result of, among other activities, the making, using, selling, offering for sale, and providing products and/or services that embody or utilize the systems and methods of the ’111 patent, including the Force.com platform, in violation of 35 U.S.C. § 271(a).

~~28.~~58. Upon information and belief, Defendant Salesforce is inducing and/or has induced infringement of one or more claims of the ’111 patent as a result of, among other activities, instructing, encouraging, and directing its clients, customers, and third parties on the use of the Force.com platform in an infringing manner as described in the paragraphs above, in violation of 35 U.S.C. § 271(b).

~~29.~~59. Upon information and belief, Defendant Salesforce infringes, continues to infringe, and/or has infringed one or more claims of the ’111 patent either directly and/or by inducement and either literally or under the doctrine of equivalents in violation of 35 U.S.C. § 271(a-b).

~~30.~~60. The six-year time limitation on damages specified in 35 U.S.C. § 286 should be equitably tolled. Plaintiff diligently pursued its rights to seek redress from Salesforce for its infringement of the ’111 patent in the First Action. However, due to extraordinary circumstance of the Court delaying a ruling on Salesforce’s motion to dismiss AIT’s Complaint in the First Action for lack of subject matter jurisdiction until years after its filing, and instead granting Salesforce’s motions for summary judgment, as well as Salesforce’s decision not to raise lack of subject matter jurisdiction during AIT’s appeal of the Court’s grant of summary judgment, AIT could not file the present case earlier.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AIT prays for relief as follows:

A. For judgment in favor of Plaintiff that, either literally or under the doctrine of equivalents, the Defendant, directly, jointly, and/or indirectly by way of inducing and/or contributing to infringement, has infringed one or more claims of the ’482 and ’111 patents;

B. For an award of damages, requiring Defendant Salesforce to pay Plaintiff its damages adequate to compensate it for the infringement of the ’482 and ’111 patents together with costs, expenses and prejudgment and post-judgment interest, for Defendant’s infringement of the ’482 and ’111 patents as provided under 35 U.S.C. § 284, including an award of damages prior to the 35 U.S.C. § 286 six-year time limitation on damages by equitable tolling of such limitation;

C. For a post-judgment equitable accounting of damages to be ordered for the period of infringement of the ’482 and ’111 patents following the period of damages established by Plaintiff at trial;

D. For a judgment and Order granting Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285 to the extent that this Court finds this case exceptional; and

E. For such other and further relief to which Plaintiff may show itself to be entitled and which this Court deems just and equitable.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff AIT demands a trial by jury on all triable issues.

DATED this 29th day of August, 2025.

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509

*/s/ Michael A. Burke*
Michael A. Burke, Esq.
*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*

HECHT PARTNERS LLP
Michael DeVincenzo, Esq. (*pro hac vice*)
125 Park Avenue, 25th Floor
New York, NY 10017
*Attorneys for Plaintiff*
*Applications in Internet Time, LLC*